**Bobby Joe WREN, Plaintiff,**

v.

**Caspar WEINBERGER, Secretary H.E.W., Defendant.**

**Civ. A. No. W-5437.**

United States District Court, D. Kansas.

Jan. 14, 1975.

**508**

James W. Wilson, Wichita, Kan., for plaintiff.

Robert J. Roth, U. S. Atty., Benjamin L. Burgess, Jr., Asst. U. S. Atty., Wichita, Kan., Caroline McB. French, Deputy Regional Atty., Paul P. Cacioppo, Regional Atty., Region VII, Dept. of H. E. W., Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This action has been brought pursuant to 42 U.S.C. § 405(g) to review a final order of the Secretary of Health, Education and Welfare, denying the claim of the plaintiff herein for disability benefits under the terms of § 216(i) and § 223 of the Social Security Act, as amended, 42 U.S.C. § 416(i), 423. The action is now before the Court upon the respective motions of the parties for summary judgment.

On December 31, 1970, the plaintiff filed his application for disability benefits, alleging that he had sustained a work-related injury on May 20, 1970, while attempting to lift a 25-pound casting. Finding that Wren had suffered a back injury which required surgery, the Social Security Administration awarded benefits but scheduled the matter for later reconsideration since it believed that the condition would probably improve in the future. Upon reconsideration of the case, the Administration determined that plaintiff's disability had improved to the extent that he could perform substantial gainful activity after September, 1971, and consequently, a decision was made to terminate further benefits.

Disputing this determination, plaintiff requested and received reconsideration of the decision by the Administration, resulting in an affirmance of the earlier denial. Subsequently, at Wren's request, an evidentiary hearing was held before an Administrative Law Judge, who similarly determined that benefits should be terminated. Thereafter, the Appeals Council of the Social Security Administration affirmed this finding, prompting the plaintiff to file this appeal in federal district court.

■ This Court, on appeal, has the duty to review the administrative record developed below and must affirm the decision of the Secretary if it finds substantial evidence in support of the conclusions reached therein. The substantial evidence standard was succinctly enunciated by Judge Templar in Branch v. Finch, 313 F.Supp. 337 (D.Kan.1970), wherein he stated:

"Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Stated in a different manner, the evidence must be such, if the trial were to a jury, as would justify a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury. If there is only a slight preponderance of the evidence on one side or the other, the Secretary's findings should be affirmed."

■ In judging whether substantial evidence exists in the record, the Court must consider several categories of proof: (1) objective medical facts; (2) expert medical opinion; (3) subjective evidence of pain and disability; and (4) claimant's present age, educational background, and work history. Lackey v. Celebrezze, 349 F.2d 76 (4th Cir. 1965); Adams v. Richardson, 336 F.Supp. 983 (D.Kans.1972).

A series of doctors have examined the plaintiff to determine the nature and extent of his injury and their evaluations and findings should now be related. Dr. Bryngelson, in a report of August 13, 1971 (Ex. 21), noted that plaintiff's reflexes and walking capacity were normal, although accompanied by some leg

pain. He concluded that plaintiff had "an arthritic type of back ache which distinctly limits his activity and his potential for employment in a manual labor status," assessed the disability to be in excess of 25–30%, and not likely to improve. In a subsequent report of May 11, 1972 (Ex. 25), this doctor stated additionally that Wren "must be considered disabled for manual labor."

Dr. Anderson, upon examination, observed that "flexion is done with a rigid spine and complaint of pain and is limited to 50% of normal," and concluded: "I am sure his total disability is temporary."

A Dr. Rinehart then examined the plaintiff upon his complaints of pain in the lower back and upper area of the left leg. Finding evidence of minimal osteoarthritis, he concluded that "disability is total for ordinary physical and manual labor and will continue for a long period of time."

A subsequent neurological examination by a Dr. Bacon revealed: "No neurologic abnormalities or neurologic basis for any disability."

Finally, a Dr. Cohnberg expressed his opinion that "Mr. Wren's condition is such that he cannot and should not be employed in any capacity which would cause him to labor with his back and legs."

■ The administrative judge evaluated the evidence in light of the applicable legal standard, i. e., whether, after the injury, the claimant was able to engage in substantial gainful activity, and concluded in the affirmative. Although finding that the plaintiff could not engage in work similar to his former employments, all of which involved strenuous physical activity, the administrative judge believed that the plaintiff could perform light or sedentary work without significant impairment. Of course, a claimant's inability to perform his former work, standing alone, does not qualify him for disability status under the Social Security Act. Davis v. Richardson, 345 F.Supp. 1273 (W.D.Va. 1972).

■ After having analyzed the evidence in this case, the Court concludes that the Secretary's decision should be affirmed. The medical reports indicate that Wren's injury has limited the normal flexion of his back, sometimes accompanied by a back pain which seems to intensify in proportion to the degree of activity in which it is used. (Ex. 14, 22). Considered in their entirety, the reports indicate that the plaintiff could perform work which would not tax this disability, as the underlying medical data primarily concerns his inability to move his back within normal limits, and hence the universal conclusion that he should not engage in "manual labor." Dr. Cohnberg's report is particularly relevant in this connection. The administrative judge's findings, after considering plaintiff's vocational background and residual skills, that Wren could perform bench work and jobs of a like nature and that such jobs existed in substantial numbers in the economy at large, are supported in the evidence.

■ Lastly, it should be noted that although the plaintiff sometimes experiences a certain degree of pain during even slight endeavors, "[t]he fact that plaintiff could not work without pain does not satisfy the test of disability under the pertinent provisions of the Social Security Act." Adams v. Richardson, supra.

Therefore, having conducted a review of the record, the Court concludes that substantial evidence exists therein to support the Secretary's determination, and consequently the judgment will be, and it hereby is, affirmed.