**George W. GLASGOW, Plaintiff,**

v.

**Caspar W. WEINBERGER, Secretary of Health, Education and Welfare, Defendant.**

**No. Civ. S74–444.**

United States District Court,
E. D. California.

Aug. 18, 1975.

Thomas Vasaly, Shasta County Legal Aid Society, Redding, Cal., for plaintiff.

Richard W. Nichols, Asst. U. S. Atty., Sacramento, Cal., for defendant.

## MEMORANDUM AND ORDER

WILKINS, District Judge.

This is a judicial review of the final decision of July 12, 1974, of the Secretary of Health, Education, and Welfare,

42 U.S.C. § 405(g), terminating plaintiff's period of disability and entitlement to disability insurance benefits. Glasgow was originally granted disability benefits in 1968, but the Bureau of Disability Insurance subsequently found that the plaintiff's period of disability ceased in February, 1972. After a hearing, an administrative law judge affirmed this decision. That decision was in turn approved by the Appeals Council, and the decision of the Secretary became final.

The plaintiff has moved for summary judgment, F.R.Civ.P. 56(b) and the defendant has responded with a cross motion for summary judgment.

■ The sole issue before the Court on review is whether the record contains substantial evidence to support the decision of the Secretary. *Chavies v. Finch*, 443 F.2d 356 (9th Cir. 1971); *Rhinehart v. Finch*, 438 F.2d 920 (9th Cir. 1971). Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, and it must be based on the record as a whole. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Celebrezze v. Bolas*, 316 F.2d 498, 501 (8th Cir. 1963).

A claimant is eligible for Social Security benefits if he is under a "disability". 42 U.S.C. § 423(a)(1)(D). This term is defined in both 42 U.S.C. § 416(i)(1)(A) and 42 U.S.C. § 423(d)(1)(A) to mean:

. . . inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .

Title 42 U.S.C. § 423(d)(2)(A) provides that:

. . . an individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. . . .

The term "period of disability" is defined by Title 42 U.S.C. § 416(i)(2)(A) as:

. . . a continuous period . . . during which an individual was under a disability . . . but only if such period is of not less than five full calendar months' duration or such individual was entitled to benefits under section 423 of this title for one or more months in such period.

■ These statutes place the burden of proof on the plaintiff to establish his entitlement to benefits. *Seitz v. Secretary*, 317 F.2d 743 (9th Cir. 1963). This burden shifts to the government only when the plaintiff makes "a showing of inability to return to his former work, and the record does not otherwise contain any evidence of [plaintiff's] ability to engage in substantial gainful work." *Meneses v. Secretary*, 143 U.S. App.D.C. 81, 442 F.2d 803, 806 (1971).

■ In order to meet his burden of proof the plaintiff must show that he has a "physical or mental impairment," which is defined by statute as:

. . . an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

42 U.S.C. § 423(d)(3).

In making his decision, the administrative law judge placed primary reliance on two doctor's reports. On February 16, 1972, plaintiff saw Justin Howland, M.D. His report reads in full:

The history is recorded on the record of January 29th. The physical findings are that straight leg raising test was resisted strongly at 30° on each side as was hip flexion on each side. However, on having the patient sit with the knees extended he was able to reach to both feet. The reflexes and sensation were within normal limits.

Prognosis: I feel that this patient probably does not have a significant disability at this time and could be returned to full work, except for roofing component in carpentry.

Dr. Howland saw plaintiff again on November 15, 1972. At that time Dr. Howland stated that his diagnosis was cervical and lumbar degenerative disc disease. Although he stated that "improvement [was] not expected" he also believed plaintiff's major problem to be lack of motivation. In addition, Dr. Howland filled out a physical capacities evaluation. He noted that plaintiff could stand or walk 5–8 hours in a working day, sit 5–8 hours, lift 10–20 pounds frequently during a work day, use his hands for grasping, pushing and pulling as well as fine manipulation, use his feet for repetitive movements, occasionally climb or bend, and reach above shoulder level.

In addition to these medical reports, the administrative law judge apparently did not fully believe plaintiff's complaints of pain, for he noted that he drove 75 miles to the hearing without a stop and that plaintiff renewed his driver's license in 1972 without claiming any impairments which would affect his ability to drive.

Plaintiff first contends that the doctor's report of February 16, 1972, is unsupported by any findings and should therefore not be given any credence. 20 CFR § 404.1526 provides in part that:

> The weight to be given [a conclusory] physician's statement depends on the extent to which it is supported by specific and complete clinical findings and is consistent with other evidence

as to the severity and probable duration of the individual's impairment or impairments.

 Although it is true that the report of February 16, 1972, is not a model of clarity and completeness, it does not follow that the administrative law judge could not give any weight to it. First, the regulation necessarily vests discretion in the administrative law judge to decide how much, if any, weight to give a doctor's report. Second, one of the criteria specified by the regulation is the extent to which the questioned report is consistent with other evidence; essentially the same findings are reported in Dr. Howland's November 15, 1972, evaluation. Finally, the report is not totally devoid of findings; certain tests were reported and the claimant's history was incorporated by reference.

Claimant next contends that the medical records establish the presence of degenerative disc disease which will be rapidly exacerbated by even light or sedentary employment. It is true that in November 1972 Dr. Howland diagnosed claimant's condition as degenerative disc disease. The only indication in the file that claimant's condition would be exacerbated by employment, however, is found in the Secretary's decision to *grant* benefits more than one year before plaintiff's disability was found to have terminated. (Tr. 87)

 Finally, plaintiff argues that "the Secretary has failed to meet his burden of proving that the plaintiff recovered sufficiently . . . to permit him to perform occupations without exacerbating his condition." This argument is based in part upon Dr. Howland's statement that motivation was a key factor in claimant's lack of recovery. This contention is premised upon an *incorrect* legal foundation. As noted earlier, the claimant has the burden of proof to establish his entitlement to benefits. *Seitz v. Secretary*, 317 F.2d 743 (9th Cir. 1963). This rule holds true in

a case where the Secretary seeks to terminate benefits:

> In a case in which benefits have been terminated, as in a case in which benefits have been denied, the burden of proving disability is on the claimant, not on the Secretary.

*Myers v. Richardson,* 471 F.2d 1265, 1268 (6th Cir. 1972), quoting *Marker v. Finch,* 322 F.Supp. 905, 909–10 (D.Del. 1971). Thus, the Secretary's burden is not to prove "that plaintiff is capable of performing light labor" but rather to prove that alternative employment is available if plaintiff makes a showing that his impairment disables him from his former employment. *Meneses v. Secretary,* 143 U.S.App.D.C. 81, 442 F. 2d 803, 806 (1971). The Secretary did so in this case, as claimant concedes he might, by taking administrative notice of the fact that light work exists in the national economy. *See Chavies v. Finch,* 443 F.2d 356 (9th Cir. 1971). Thus we need not decide whether Dr. Howland's statement that plaintiff's main problem is motivation would carry a burden of proof relating to his disability. That burden is upon the claimant, and he has failed to meet it in this case.

It is therefore ordered that plaintiff's motion for summary judgment be, and the same is, hereby denied;

It is further ordered that defendant's motion for summary judgment be, and the same is, hereby granted.