Mable L. HICKS, Plaintiff,

v.

SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.

No. CA 3-76-0523-C.

United States District Court,
N. D. Texas,
Dallas Division.

Jan. 17, 1977.

Bernard Cohen, Dallas, Tex., for plaintiff.

Michael P. Carnes, U. S. Atty., William F. Sanderson, Jr., Asst. U. S. Atty., Dallas, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

WILLIAM M. TAYLOR, Jr., Chief Judge.

This social security disability appeal comes before the court on cross motions for summary judgment and after consideration of the pleadings, briefs, and oral argument of both parties, it is the opinion of the court that claimant's motion must be granted and the cause remanded for rehearing.

The claimant, Mrs. Mable L. Hicks, suffers from varicose veins, a condition which the Secretary agrees renders her disabled from her previous employment which involved prolonged standing. The Secretary found, however, that Mrs. Hicks was not disabled from engaging in other substantial gainful employment as that term is used in the Social Security Act. Specifically, a vocational expert testified at the administrative hearing that Mrs. Hicks could perform sedentary jobs including photographic processing work in which she has had prior related experience.

The central factual question in this case is whether Mrs. Hicks can, indeed, perform sedentary work. It was the claimant's testimony at the administrative hearing that her physician recommended therapy for her which requires that she elevate her feet above her head five to eight times each day for twenty to twenty-five minutes per session. The government admits that if Mrs. Hicks must perform these therapeutic exercises, then she is disabled from all gainful employment and is entitled to disability benefits.

In this case, claimant testified at the December 9, 1974 administrative hearing, under oath and subject to examination by the Administrative Law Judge, that she followed her physician's advice in performing the therapeutic exercises in question (Tr. 33, 46–47). Further, she had stated in her "Medical History and Disability Report", filed March 4, 1974, that she engaged in this exercise regimen at her doctor's orders (Tr. 78). Her physician stated that claimant followed his orders carefully (Tr. 99) and that as a result of good care had prevented ulceration (Tr. 111). It is true that there is no direct testimony or statement by a physician that such an exercise program is medically necessary, but there is also nothing to the contrary.

The government argues that a claimant's credibility can properly be questioned where there are inconsistencies in testimony. The only inconsistency cited in this case, however, is that claimant stated that she spends most of her time in bed. This is no inconsistency. As the exercises were described, they could only be performed while in a reclining position. Claimant's testimony regarding the exercises, therefore, is entirely consistent with her testimony that she spends most of her time in bed. Apparently, the Administrative Law Judge rejected claimant's testimony because it did not comport with his own concept of the therapeutic measures available to relieve pain from varicose veins.

Where a single question determines if a claimant is entitled to benefits; where that question is susceptible of proof; where the claimant has testified to the same effect on two separate occasions, months apart; where the medical evidence tends to corroborate claimant's testimony; and where there are no inconsistencies in claimant's testimony; it does not seem proper that the government can simply disregard claimant's statements and resolve the question against her. This is especially true where the claimant, as here, has succeeded in showing that she is disabled from her regular job thereby shifting the burden to the government to show that she can engage in other substantial gainful employment. *Lewis v. Weinberger*, 515 F.2d 584 (5th Cir. 1975). In short, there is no substantial evidence to support such a decision.

It is, therefore, ORDERED, ADJUDGED and DECREED that the decision of the Secretary of Health, Education and Welfare be and it is hereby reversed and the

cause remanded to the Secretary for the purpose of rehearing.