**Elaine M. MARMON, Plaintiff,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education, and Welfare, Defendant.**

**No. CV 78–6–M.**

United States District Court,
D. Montana,
Missoula Division.

Oct. 31, 1978.

Richter, Wimberley & Ericson, Spokane, Wash., for plaintiff.

Robert T. O'Leary, U. S. Atty., George F. Darragh, Jr., Butte, Mont., for defendant.

## OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

The case is remanded to the Secretary of Health, Education, and Welfare for reconsideration.

The record warrants the administrative law judge's finding that the claimant suf-fered no physical impairment which would qualify her for a period of disability under the Social Security law. The record like-wise warrants a conclusion that no physical impairment was found which accounts for the pain of which the claimant complains.

■ It is clear, however, that pain in and of itself may be disabling and that there is no requirement that the origin of the pain be in a demonstrable physical impairment. *Gaultney v. Weinberger*, 505 F.2d 943 (5th Cir. 1974). *See Mark v. Celebrezze*, 348 F.2d 289 (9th Cir. 1965); Annot., 23 A.L. R.3d 1034 (1969). In this case the adminis-trative law judge found that claimant's "complaints of pain and incapacitation are not credible when viewed in light of the entire medical and psychological record in-sofar as her capacity to perform substantial gainful activity is concerned." On the whole record, there was substantial evi-dence to support the findings of the admin-istrative law judge, but a contrary conclu-sion could have been reached. Claimant and a lay friend gave evidence of disabling pain. Claimant's attending physician, Dr. Powell, confirmed her total disability. Most of the other doctors who reported confirmed in some part the existence of pain, and from the conclusions of Dr. Ad-ams and Dr. Read (a clinical psychologist), a finding of inability to perform any work could have been made.

■ It is my opinion that the administra-tive law judge's treatment of the testimony of Dr. Read, which the administrative law judge rejected, requires a reversal. In the findings it was said:

Dr. Read, the clinical psychologist, stated that claimant had a "*significant* elevation on Scales 1 and 3 only—hypochondriasis and hysteria, respectively." (Exhibit 32, page 1). However, this statement is without basis. The actual score data only reflect *minimal evaluations* above the normal range. (Exhibit 32, page 3). *Previous research* demonstrates that the MMPI (Minnesota Multiphasic Personali-ty Inventory) is responsive to *situational stress factors* and that test results vary

from time to time, even day to day, as the test is given. The test results can and do vary significantly at the time the test is given. At the time claimant was given the MMPI she was probably in somewhat of a chronic state or situation, as she was taking care of her sister's nine children. This in itself would be significant stress. And, the claimant responded to the stress with a weak pattern of hysterical conversion. This was stated by Dr. Read. (Exhibit 32, page 1). The rest of the score data did not indicate the existence of a significant psychoneurosis, as all test results were within the range of normal. Therefore, the Judge cannot conclude that claimant is suffering from a *physiological or psychological* abnormality demonstrated by medically acceptable clinical and laboratory diagnostic techniques.

(Emphasis added.) The sources of information on the basis of which the administrative law judge disagreed with Dr. Read's use of the word "significant" and Dr. Read's interpretation of the Personality Inventory Chart (Ex. 32, p. 3) are not shown. Likewise, the source of the information described as "previous research" in the light of which the administrative law judge considered the "situational stress factors" is not known.

The administrative law judge also stated:

In addition, despite the complaints of continuous pain not only noted in the medical records but in the testimony before the Judge, the evidence fails to establish that claimant has sustained the effects of a severe and incapacitating pain syndrome, i. e., loss of appetite, muscle atrophy or reduced weight. Nowhere in the medical record is there indication of muscle atrophy.

If it is true that severe pain always causes one or more of the symptoms stated, the administrative law judge went out of the record to verify that truth.

■ The consideration of information not disclosed by the record influenced the decision and was error. The Administrative Procedure Act, 5 U.S.C. § 556(e), provides:

The transcript of testimony and exhibits, together with all papers and requests filed in the proceeding, constitutes the exclusive record for decision . . . . . When an agency decision rests on official notice of a material fact not appearing in the evidence in the record, a party is entitled, on timely request, to an opportunity to show the contrary.

The matters here mentioned are not matters of which judicial or administrative notice may be taken. *See Nelms v. Gardner*, 386 F.2d 971 (6th Cir. 1967); *Sayers v. Gardner*, 380 F.2d 940 (6th Cir. 1967); *Sosna v. Celebrezze*, 234 F.Supp. 289 (E.D.Pa. 1964).

■ Had Dr. Read's conclusion been accepted, the result might have been different, and the error was prejudicial.