**Louis KARHI, Plaintiff,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant.**

**No. CV–78–63–GF.**

United States District Court, D. Montana, Great Falls Division.

Feb. 19, 1980.

Robert W. Gabriel, Great Falls, Mont., for plaintiff.

Robert T. O'Leary, U. S. Atty., D. Mont., Butte, Mont., Ronald S. Luedemann, Reg. Atty., Denver, Colo., for defendant.

## MEMORANDUM

HATFIELD, District Judge.

Plaintiff, Louis Karhi, filed an application with defendant Secretary of Health, Education and Welfare ("Secretary") on August 11, 1977, for a period of disability under 42 U.S.C. § 416(i) and for disability benefits under 42 U.S.C. § 423. Plaintiff brings this action under 42 U.S.C. § 405(g) to review the Secretary's final decision that plaintiff was not entitled to disability benefits.

The sole issue before this court is whether the final decision of the Secretary is based upon substantial evidence. See, 42 U.S.C. § 405(g).

The facts are not in dispute. They are, as set forth by defendant, as follows:

Plaintiff met the statutory earnings requirements for disability insurance coverage at the alleged onset of his disability. In his August 11, 1977, application for a period of disability and for disability benefits, plaintiff alleged that he had become unable to work on August 8, 1977, at age 60, due to spinal arthritis.

Plaintiff's application was denied initially and upon reconsideration by the Bureau of Disability Insurance of the Social Security Administration, after which plaintiff requested an administrative hearing. Plaintiff appeared with counsel on March 28, 1978, at a de novo hearing and testified before an Administrative Law Judge ("ALJ"). The ALJ considered plaintiff's testimony, plaintiff's medical and work records, and the opinions of physicians as to plaintiff's claimed disabilities. On April 25, 1978, the ALJ decided that plaintiff was not disabled within the meaning of the Social Security Act (the "Act") and therefore was not entitled to a period of disability and disability benefits. When the Appeals Council approved the ALJ's decision on September 8, 1978, the ALJ's decision became the final decision of the Secretary.

At the hearing, plaintiff complained of numerous ailments, including obesity, hy-

pertension, visual impairment, insomnia, shortness of breath, nausea and drowsiness induced by medication, numbness in the arm, "spells", varicose veins, shaking, loss of memory and ability to concentrate, and pain in his lower back and legs. Also in the record were reports from various physicians who had examined plaintiff. The ALJ reviewed the evidence and concluded that "the claimant's impairments are not of such severity that he is unable to return to any of his former work as a school teacher or administrator. . . ." The ALJ therefore concluded that plaintiff was not disabled and not entitled to disability insurance benefits.

■ To be disabled, within the meaning of the Act, a claimant must be unable "to engage in any substantial gainful activity" due to a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period" of at least twelve months. 42 U.S.C. § 423(d)(1)(A). To qualify for disability benefits, the evidence must show that plaintiff is unable to engage in any kind of substantial gainful work which exists in significant numbers either in the region where plaintiff lives or in several regions of the country. 42 U.S.C. § 423(d)(2)(A).

■ The burden is upon the claimant to prove that he is disabled within the meaning of the Act. *Harmon v. Finch*, 460 F.2d 1229, 1231 (9th Cir. 1972), *cert. denied*, 409 U.S. 1063, 93 S.Ct. 571, 34 L.Ed.2d 516 (1972); *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). After a claimant establishes a prima facie case of disability by showing that he is precluded by his impairments from engaging in his previous occupation, however, the burden of going forward with the evidence shifts to the Secretary. *Cox v. Califano*, 587 F.2d 988, 990 (9th Cir. 1978). The Secretary must then prove there are other types of substantial gainful work in the national economy which plaintiff can perform. *Cox v. Califano, supra.*

■ The Secretary's decision that plaintiff was able to return to his former work as a school teacher or administrator is not supported by substantial evidence and will be reversed. The only witness to testify at the hearing was plaintiff himself. Plaintiff's testimony of severe back pain, migraine headaches, impaired vision, dizziness, shortness of breath and numerous other ailments supported a conclusion that plaintiff was disabled from performing his former work as a school teacher or administrator.

One physician, Dr. W. N. Person, who had examined plaintiff, did conclude generally that plaintiff could perform "sedentary work". The Ninth Circuit Court of Appeals has noted, however, that

[a] general statement that a claimant may engage in "sedentary" work, without testimony by a vocational expert who can identify specific jobs, absent other reliable evidence of the claimant's ability to engage in other occupations, does not satisfy the substantial evidence test.

*Hall v. Secretary of H.E.W.*, 602 F.2d 1372, 1377 (9th Cir. 1979).

The only evidence in the record directed specifically to whether plaintiff could perform his former work was the "attending physician's statement of disability", prepared for the State of Montana Teachers Retirement System by Dr. Clayton F. Hogeboom, M.D. After examining plaintiff, Dr. Hogeboom concluded that plaintiff was disabled from teaching and that this disability would last indefinitely.

This case shall be remanded to the Secretary for the purpose of taking additional evidence on plaintiff's ability to engage in substantial gainful activity. *See*, 42 U.S.C. § 405(g). On remand, the Secretary should solicit and consider evidence relating to specific jobs which plaintiff could perform.

It is incumbent on the Secretary at a minimum, to come forward with specific findings showing that the claimant has the physical and mental capacity to perform specified jobs, taking into consideration the requirements of the job as well as the claimant's age, education and background. . . .

Ordinarily, the better method to demonstrate this is through testimony of a vocational expert. . . .

*Hall v. Secretary of H.E.W., supra.*

An appropriate order shall issue.