Robert Scott GENTRY, Plaintiff,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.

No. CV–80–91–GF.

United States District Court, D. Montana, Great Falls Division.

May 13, 1981.

Thomas E. Boland, Great Falls, Mont., for plaintiff.

Robert T. O'Leary, U. S. Atty., Frank D. Meglen, Asst. U. S. Atty., Billings, Mont., for defendant.

## OPINION

HATFIELD, District Judge.

Plaintiff Robert Scott Gentry appeals from the Secretary's decision denying his claim for disability benefits. In order to qualify for benefits, Gentry was required to establish that on or before February 10, 1977, the date he met the earnings requirement, he was totally disabled as provided under the Social Security Act, 42 U.S.C. §§ 416(i) and 423. This action is brought pursuant to 42 U.S.C. § 405(g).

The issue for review is whether the Secretary's finding that Gentry was not entitled to disability benefits is based on substantial evidence. *Hall v. Secretary of Health, Education and Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979). Substantial evidence is such "relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Harris*, 625 F.2d 311, 312 (9th Cir. 1980).

## BACKGROUND

Gentry filed applications for Disability Insurance Benefits and Supplementary Security Income (SSI) benefits on April 16, 1979. He alleged he became disabled on February 10, 1977, due to a back injury and scarred muscle tissue he sustained while working. Plaintiff was found to have met the special earnings requirement of the Act on February 10, 1977. Plaintiff's claims were initially denied and he appealed the denial to an Administrative Law Judge (ALJ) who heard the claim *de novo.* The ALJ heard testimony of the plaintiff and agreed that Gentry was not under any disability and therefore not entitled to disability insurance benefits or SSI benefits. The appeals council, after a review of the case, approved the ALJ's decision. The final determination of the ALJ became the final decision of the Secretary. Accordingly, plaintiff seeks review in this court.

The standard for review in the district court is that after considering the record as a whole, the ALJ's decision must be supported by substantial evidence. *Embry v. Secretary of Health, Education and Welfare*, 626 F.2d 93, 94 (9th Cir. 1980), citing *Walker v. Mathews*, 546 F.2d 814, 818 (9th Cir. 1976), *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975).

Plaintiff is a 26-year old man with a high school education who worked primarily as a carpenter and a laborer. He alleges that due to several work-related injuries he is disabled. Claimant testified at the hearing that on February 10, 1977, he injured his back when he fell and landed on his tool belt and crowbar. He was treated and later returned to work only to reinjure his back a second time on September 17, 1977, when he attempted to lift 2 × 4's. Claimant further testified that he has been hospitalized on several occasions for lower back pain. The medical reports diagnose plaintiff's impairment as chronic lumbosacral strain.

Plaintiff essentially claims that he is unable to work at his occupation because of his lower back pain.

Of the eight or so doctors who examined plaintiff all agree that there is no organic or neurological cause for the pain, but did acknowledge a functional overlay. A psychological evaluation was conducted of plaintiff which suggested a hysterical neurosis, conversion type. While some doctors acknowledged the existence of acute lower back pain, Doctors Avery, Power, Bulger, Shubat and Popnoe all recommended that plaintiff return to work as a carpenter, but that he limit some activities. The recommendation was to limit tasks which would require him to stoop, bend, twist or lift heavy objects. No doctor unequivocally recommended plaintiff not return to work as a carpenter.

The ALJ found that while claimant may experience some pain there was no medical evidence to substantiate a finding of disability solely on the basis of his pain. The Judge further found that the amount, frequency and severity of his pain was not persuasive. The ALJ found that claimant does not have any impairment which significantly limits his ability to perform basic work-related functions and therefore concludes the claimant does not have a severe impairment as required by the Act.

*THE LAW*

The Social Security Act, 42 U.S.C. § 423(d)(1) defines disability as the

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .

42 U.S.C. § 423(d)(3) provides:

For purposes of this subsection, a "physical or mental impairment" is an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically ac-

ceptable clinical and laboratory diagnostic techniques.

The Supreme Court has stated that the worker bears

a continuing burden of showing, by means of "medically acceptable clinical and laboratory diagnostic techniques," § 423(d)(3), that he has a physical or mental impairment of such severity that "he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."

*Mathews v. Eldridge*, 424 U.S. 319, 336, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976).

This circuit has held that the burden lies on the claimant to establish that a physical or mental impairment prevents him from engaging in his previous occupation. *Gonzalez v. Harris*, 631 F.2d 143, 145 (9 Cir. 1980); *Cox v. Califano*, 587 F.2d 988 (9th Cir. 1978).

Applicable federal regulations provide: Where an individual does not have any impairment(s) which significantly limits his or her physical or mental capacity to perform basic work-related functions, a finding shall be made that he or she does not have a severe impairment and therefore is not under a disability without consideration of the vocational factors. *See*, 20 CFR § 404.1503(c). Only after plaintiff has established the severity of his impairment does the burden shift to the Secretary to prove that the claimant can engage in other types of gainful work.[1] *Johnson v. Harris*, 625 F.2d 311 (9th Cir. 1980); *Cox, supra*.

*DISCUSSION*

Plaintiff was the only witness to appear in front of the ALJ. He testified as to his

---

1. Plaintiff contends that this court's decision in *Kahri v. Califano*, 484 F.Supp. 852 (D.Mont. 1980), requires reversal in this case because the ALJ did not make findings regarding alternative vocational fields for appellant. While the *Kahri, supra*, case is distinguishable both on law and in fact, the Secretary is not saddled with the burden of showing that there are "other types of substantial gainful work in the national economy which plaintiff can perform", *Id.* at 854, if claimant has failed to establish a *prima facie* case of disability. *See also*, 20 CFR § 404.1503 and § 416.903 (1980).

aches and pains and limitations on his physical capacity to perform routine and work-related tasks. Plaintiff no doubt is experiencing some pain; however, credible medical evidence, on which any determination of disability must rest, was notably lacking.

While the court agrees that pain may in and of itself be disabling, *Marmon v. Califano*, 459 F.Supp. 369, 370 (D.Mont. 1978), citing *Gaultney v. Weinberger*, 505 F.2d 943 (5th Cir. 1974) and *Mark v. Celebrezze*, 348 F.2d 289 (9th Cir. 1965), there exists little substantial or credible evidence absent plaintiff's own testimony which would support a finding that claimant's claim is of such a severe nature so as to significantly limit his capacity to perform basic work-related functions.[2] The only medical evidence that plaintiff could not pursue his occupation of a carpenter was from Dr. Avery. He also concludes that plaintiff has zero impairment due to the absence of objective abnormal physical findings. This report conflicts with other medical reports which recommend that plaintiff, inspite of his pain, return to work as a carpenter. Lack of medical evidence to support a disability is adequate to support a denial of benefits. *See, McMullen v. Celebrezze*, 335 F.2d 811, 816 (9th Cir. 1964), *cert. denied*, 382 U.S. 854, 86 S.Ct. 106, 15 L.Ed.2d 92, *reh. denied*, 382 U.S. 922, 86 S.Ct. 295, 15 L.Ed.2d 238. Despite the fact that plaintiff experiences some pain does not mean that the impairment is of such significance that it is disabling under the meaning of the Act. *See, Wren v. Weinberger*, 390 F.Supp. 507 (D.Kan.1975).

Plaintiff describes his frustrations in obtaining employment. Plaintiff no doubt wishes to secure employment but has met without success because of his potential back problems. But as was stated recently by the Court of Appeals:

The statute, 42 U.S.C. § 423(d)(2)(A), makes legally irrelevant any consideration of whether a claimant would actually be hired if he applied for work. *Walker, supra*, 546 F.2d at 818. The statutory standard is not employability but rather capacity. . . .

*Vidal v. Harris*, 637 F.2d 710 (9th Cir. 1981). It is not whether Gentry can actually find a job but whether his claims of back problems would prevent him from engaging in substantial gainful work.

In sum, plaintiff has failed to meet his burden in establishing a *prima facie* case of disability as of February 10, 1977. Therefore he is not entitled to disability benefits or SSI. Affirmed.

---

**2.** The court notes here that if the pain was of such severity as plaintiff describes he certainly would not have been able to report to his doctor that he built his own house, performed work as a ranchhand or performed other basic work-related functions. Thus it would seem that without more plaintiff, by his own acts, has failed to sustain the burden of proving that he is disabled by his severe pain.