**Shirley A. TALIFSON, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

No. CV–81–64–CF.

United States District Court, D. Montana, Great Falls Division.

Oct. 25, 1982.

Fausto G. Turrin, Great Falls, Mont., for plaintiff.

Frank D. Meglen, Asst. U.S. Atty., D. of Mont., Billings, Mont., for defendant.

## MEMORANDUM AND ORDER

HATFIELD, District Judge.

Plaintiff, Shirley A. Talifson, has brought the present action to obtain judicial review of the final decision of the Secretary of Health and Human Services (hereinafter the "Secretary") denying her disability insurance benefits under 42 U.S.C. §§ 401, *et seq.* Jurisdiction vests in this court pursuant to 42 U.S.C. § 405(g).

Ms. Talifson filed an application for disability benefits on April 14, 1980 alleging she was disabled as of January 28, 1980, because of injuries extant in the lumbar region of her back and certain mental impairments. Her claim having been denied, Ms. Talifson requested a hearing before an Administrative Law Judge (hereinafter "ALJ"), which was held on December 1, 1980. The ALJ considered the case *de novo,* and on January 24, 1981 determined that Ms. Talifson was not entitled to a period of disability and disability insurance benefits under the Social Security Act.

### I.

A claimant for disability benefits bears the burden of proving that a disability exists. 42 U.S.C. § 423(d)(5). "Disability" is defined as "... the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; ...." 42 U.S.C. 423(d)(1)(A).

The steps to be utilized by the Secretary in evaluating whether a particular claimant is "disabled" for purposes of the Social Security Act are specifically enumerated in 20 C.F.R. § 404.1520. Subsection (e) of that section provides, that if the claimant has a severe impairment but the Secretary is unable to make a "disability" determination based on the claimant's current work activity or on medical facts alone, then the Secretary must review the claimant's physical and mental capacity (*i.e.,* residual functional capacity) and determine whether that capacity will allow the claimant to meet the demands of the work performed by the claimant in the past. If the conclusion reached in that respect is affirmative, an ultimate determination that the claimant is not disabled is mandatory; further inquiry by the Secretary being unnecessary.

Once a claimant makes a *prima facie* showing that the impairment of which he complains effectively precludes him from returning to his past work, however, the burden of going forward shifts to the Secretary. *Johnson v. Harris,* 625 F.2d 311 (9th Cir.1980); *Gentry v. Schweiker,* 513 F.Supp. 1020 (D.Mont.1981). The Secretary must establish that the claimant has the residual functional capacity to perform specific jobs, taking into consideration the claimant's age, education, and past work experience. 20 C.F.R. § 404.1520(f).

### II.

Review of the record in the present case reveals that the ALJ expressly found that Ms. Talifson possessed the physical and mental capabilities to perform her past relevant work as a "pilot car" driver. In accordance with the mandate of 20 C.F.R. § 404.1520, the ALJ found that Ms. Talifson was not disabled. It is precisely the ALJ's conclusion that Ms. Talifson possessed the residual functional capacity to be gainfully employed as a "pilot car" driver with which Ms. Talifson takes issue; submitting that the decision of the ALJ in that respect is simply not supported by substantial evidence.

Evident from the record is the fact that the ALJ was of the opinion that the decision whether Ms. Talifson had a severe impairment could not be made either on the basis of current work activity or on medical facts alone. In accordance with 20 C.F.R. § 404.1520(e), the ALJ proceeded to review Ms. Talifson's residual functional capacity in an effort to determine whether that capacity enabled Ms. Talifson to meet the mental and physical demands of the work she had performed in the past. Having concluded that Ms. Talifson was capable of performing "light" work, as defined by 20 C.F.R. § 404.1567(b), was not severely mentally impaired, and did not suffer from severe incapacitating pain, the ALJ found that although Ms. Talifson would be unable to perform her past work as a waitress, her impairments did not preclude her from performing her past work as a "pilot car" driver.

Ms. Talifson asserts that none of the foregoing conclusions of the ALJ, with respect to the claimant's residual functional capacity, are supported by substantial evidence, thereby negating the ultimate conclusion that she is able to perform her past work as a "pilot car" driver.

### III.

■ Review of disability benefit decisions rendered by the Secretary requires courts to engage in two levels of review: (1) substantiality of evidence review and (2) remand review. *Holguin v. Harris,* 480 F.Supp. 1171, 1175 (N.D.Cal.1979).

In review of the substantiality of the evidence, a court is limited to the sole question of whether or not the findings of the Secretary are supported by substantial record evidence. *Chavies v. Finch,* 443 F.2d 356, 357 (9th Cir.1971). Such findings of fact by the Secretary in a Social Security disability benefit claim proceeding are conclusive if they are supported by substantial evidence. *Harmon v. Finch,* 460 F.2d 1229 (9th Cir.1972), *cert. denied,* 409 U.S. 1063, 93 S.Ct. 571, 34 L.Ed.2d 515 (1972), *reh. denied,* 410 U.S. 918, 93 S.Ct. 971, 35 L.Ed.2d 281 (1973).

■ However, while most cases involve the substantiality of evidence review, 42 U.S.C. § 405(g) also authorizes federal courts to engage in remand review. *See, Parks v. Harris,* 614 F.2d 83 (5th Cir.1980). It is at this level of review that the relaxed standard of "good cause" is to be utilized by the reviewing court. *See, Kemp v. Weinberger,* 522 F.2d 967 (9th Cir.1975). In the application of the "good cause" standard, a reviewing court exercises broad discretion in its view of administrative denials of benefits. *See, Kerner v. Flemming,* 283 F.2d 916, 920 (2nd Cir.1960).

■ Factors relevant to "good cause" for remand include (1) the weight of lay evidence of medical impairment in the absence of adequate medical evidence, *Cooney v. Finch,* 300 F.Supp. 818, 821 (W.D.Pa.1969), (2) the development of the evidence by the hearing examiner, *Landess v. Weinberger,* 490 F.2d 1187, 1189 (8th Cir.1974); and (3) the specificity of the findings of the hearing examiner concerning relevant issues. *Miranda v. Sec. of HEW,* 514 F.2d 996, 999 (2nd Cir.1975).

Review of the administrative record in the present case leads this court to conclude that there exists "good cause" to remand the case to the Secretary under 42 U.S.C. § 405(g).

### IV.

■ Addressing first the conclusion of the ALJ that Ms. Talifson does not suffer from severe incapacitating pain, the court finds both an insufficient development of the evidence by the ALJ and a lack of specificity of the findings made by the ALJ with respect to the severity of the pain of which Ms. Talifson complains.

■ It is well established that pain is relevant to a determination of disability since pain by itself may be disabling. *Gentry v. Schweiker,* 513 F.Supp. 1020 (D.Mont. 1981); *Marmon v. Califano,* 459 F.Supp. 369, 370 (D.Mont.1978). Therefore, it is error for the Secretary to discount complaints of pain which are corroborated by medical

evidence when there is no substantial evidence to the contrary. *Higgenbotham v. Califano,* 617 F.2d 1058 (4th Cir.1980). The subjective complaints of pain must be examined in light of all the other evidence of record in order to determine whether the degree of pain could be so severe and continuous as to render the plaintiff incapable of carrying on any occupation suitable to plaintiff's vocational capacity and residual functional capacity. *Bolton v. Secretary of Health and Human Services,* 504 F.Supp. 288 (E.D.N.Y.1980).

■ It is true, as the Secretary maintains, that determinations of credibility are to be made by the Secretary through the ALJ. *Waters v. Gardner,* 452 F.2d 855 (9th Cir.1971). However, a finding by the ALJ that the claimant is less than credible must have some support in the record.[1] It is not proper that the Secretary can simply disregard the claimant's statements of pain and resolve the question against him where the medical evidence adduced tends to corroborate the claimant's testimony, and where there are no inconsistencies in that testimony. *Maurer v. Harris,* 502 F.Supp. 320 (D.Ore.1980); *Hicks v. Sec. Health, Educ. and Welfare,* 424 F.Supp. 485 (N.D.Tex. 1977).

■ An exhaustive review of the record in the present case reveals that Ms. Talifson's subjective complaints of pain tend to be corroborated by the medical evidence presented.

Although this court finds there is insufficient evidence in the record to support a conclusion that the pain experienced by Ms. Talifson is of an incapacitating severity, it fails to find substantial evidence to support a conclusion to the contrary.

The reports of the numerous physicians who have examined Ms. Talifson clearly reveal the presence of lumbar spondylosis with marked degenerative disc disease. Although none of the reports specifically state the severity of the pain experienced, none

simply discount the possibility that the pain exists.

Of more immediate import, however, is the lack of specific evidence and findings with regard to whether the lower back abnormalities in question and the attendant pain are of such a nature that they would preclude Ms. Talifson from working as a "pilot car" driver. The court is of the opinion that Ms. Talifson should be given the opportunity to present specific evidence whether or not the lower back abnormality, with which she is obviously afflicted, is conducive to the extended and uninterrupted periods of driving which employment as a "pilot car" driver necessarily entails. The ALJ clearly relied on the report of Dr. Hoopes in reaching the foregoing conclusion, wherein it was opined that Ms. Talifson could sit for periods in excess of six (6) hours. This court, however, is of the opinion that such a generalized statement, in view of the objective medical evidence presented, lacks the requisite specificity upon which to base the conclusion that Ms. Talifson could perform her past work as a "pilot car" driver.

Restated, whereas the evidence of record may suffice to support a conclusion that the lower back abnormality and attendant pain is not of such severity to be considered a disability in itself, it is not that conclusion which is under scrutiny. Rather, the paramount issue is whether there exists adequate evidence to support the conclusion that the lower back abnormality and attendant pain does not preclude Ms. Talifson from performing as a "pilot car" driver. The record is simply devoid of specific evidence or findings to that effect.

■ Presented with a specific abnormality, *i.e.,* spondylosis and degenerative disc disease, and the effect of that abnormality on the performance of a specific job, *i.e.,* "pilot car" driver, the court finds it necessary that specific findings be made with respect to how that abnormality affects the ability of the claimant to perform the particular job in question.

---

1. *See, e.g., Gentry v. Schweiker, supra* (claimant built his own house and performed work as a ranch hand during period at issue); *Baith v.*

*Weinberger,* 378 F.Supp. 596 (E.D.Pa.1974) (claimant's complaints of pain were grossly disproportionate to the medical findings.)

The court finds it appropriate to remand the present case to the Secretary for the purpose of further developing the evidence with respect to whether the lower back abnormalities and attendant pain would preclude Ms. Talifson from performing her past work as a "pilot car" driver. Ms. Talifson must be allowed to present evidence concerning the effect of the abnormalities with which she is afflicted on the specific physical demands required of a "pilot car" driver. The findings of the ALJ must then address with specificity how or how not the abnormalities affect those specific physical demands.

## V.

Ms. Talifson next contends that the ALJ's conclusion that she does not suffer from any severe mental impairment is unsupported by the evidence of record.

The record contains extensive written reports by one Dr. Jones, a clinical psychologist, which conclude that Ms. Talifson suffers from depressed neurosis and an immature, dependent personality. It was the opinion of Dr. Jones that Ms. Talifson meets the Secretary's Listing of Impairments under the Mental Category, §§ 12.-04–2–3–4–7B and 12.04B of Appendix 1 to Subpart P of Title 20 C.F.R.

The ALJ, however, concluded that Ms. Talifson did not suffer from a severe mental impairment. In support of the foregoing conclusion, the ALJ noted that Ms. Talifson brought a divorce action of her own volition, maintained a home, cared for a child and was well groomed. In addition, the ALJ opined that the reports of Dr. Jones indicated the existence of a moderate impairment.

■ There exists, then, a disagreement between the examining psychologist and the ALJ, as to the severity of Ms. Talifson's mental impairment. Although an ALJ must exercise discretion as to how much weight to give an expert opinion, it is well settled that an ALJ may not make a contrary conclusion when an opinion such as Dr. Jones' is uncontroverted in the record. In *Goodley v. Harris,* 608 F.2d 234, 236–237 (5th Cir.1979), the court held:

While such uncontradicted expert opinions on the ultimate issue are not binding on the administrative law judge, he may not arbitrarily choose to ignore uncontroverted medical testimony.... This court has often reversed decisions of the Secretary finding no disability where the uncontroverted medical testimony indicates that the plaintiff is disabled.

This court is bound by the rule espoused in *Day v. Weinberger,* 522 F.2d 1154, 1156 (9th Cir.1975):

While such uncontradicted expert opinions on the ultimate issue are not binding on the examiner, 20 C.F.R. § 404.1526, the examiner must, if he rejects them, expressly state clear and convincing reasons for his doing so.

■ Of particular significance in applying the rule of *Day* to the present case is the ALJ's failure to state any "clear and convincing reasons" for rejecting the psychologists's conclusions about the memory capabilities of Ms. Talifson. Those capabilities are of paramount importance because they may preclude Ms. Talifson from obtaining a driver's license, a necessary requisite to her obtaining employment as a "pilot car" driver. The record is devoid of any specific reason which the ALJ seized upon in rejecting the opinion of Dr. Jones. As such, the ultimate conclusion that Ms. Talifson could perform her past work as a "pilot car" driver cannot stand.

■ With respect to Ms. Talifson's mental condition as a whole, the ALJ again rejected the psychologist's conclusion that Ms. Talifson's mental impairments met the Secretary's Listing of Impairments, §§ 12.-04A and B of Appendix 1 to Subpart P of Title 20 C.F.R. The ALJ's rejection appears to be based on nothing more than the ALJ's own deductive reasoning. For example, the ALJ states that the fact Ms. Talifson brought her own divorce action is indicative of the fact that she is not severely restricted by an emotional impairment. The court is acutely aware of the fact that it is within the province of the ALJ to

582

weigh the evidence presented, to resolve material conflicts therein, and to determine the case accordingly. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Therefore, the ALJ is vested with the discretion to decide how much, if any, weight is to be given a doctor's report. *Glasgow v. Weinberger,* 405 F.Supp. 406 (E.D.Cal.1975). The ALJ in the present case, however, has exceeded the parameters of that discretion.

As previously noted, while uncontradicted expert opinions on the ultimate issue are not binding on an ALJ, he may not arbitrarily choose to ignore uncontroverted expert opinions, but must expressly state clear and convincing reasons for doing so. *Day v. Weinberger, supra; Goodley v. Harris, supra.* The reasons stated by the ALJ for rejecting the psychologists's opinion in the present case fall short of the foregoing standard, thereby mandating rejection of the ultimate conclusion of the ALJ predicated on those reasons.

### VI.

In conclusion, the record in this matter makes it abundantly clear that remand of the present action to the Secretary for further evidentiary hearings is appropriate. There simply has been an inadequate development of the evidence with respect to: (1) whether the mental impairments of Ms. Talifson are of a debilitating severity, and (2) whether Ms. Talifson possesses the residual functional capacity to meet the physical and mental demands of employment as a "pilot car" driver. The failure to adequately develop the evidence with respect to the foregoing issues represents the "good cause" necessary for remand of the present action to the Secretary.

For the reasons set forth herein, IT IS HEREBY ORDERED that the present case be remanded to the Secretary for the purpose of conducting further evidentiary hearings in accordance with the foregoing memorandum.