Mathew JOHNSON, Plaintiff-Appellant,

v.

Patricia HARRIS,* Defendant-Appellee.

No. 77–3635.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 19, 1980.

Decided Aug. 13, 1980.

J. Kenneth Donnelly, San Francisco, Cal., argued, for plaintiff-appellant; Marilyn Fisher, San Francisco, Cal., on brief.

Dennis J. Mulshine, San Francisco, Cal., for defendant-appellee.

Before KENNEDY, SKOPIL and ALARCON, Circuit Judges.

---

* Pursuant to FRAP 43, we substitute the name Patricia Harris, successor to the original appellee, Joseph Califano, as Secretary of the United States Department of Health and Human Services, formerly Health, Education, and Welfare.

SKOPIL, Circuit Judge:

Mathew Johnson appeals the district court's judgment affirming the decision of the Secretary denying his claim for disability benefits. We reverse and remand for the entry of judgment in favor of Johnson.

## BACKGROUND

Johnson is uncertain about his age. He was born between 1923 and 1931. He has a seventh grade education. In 1966 Johnson's son was killed by police in a tragic accident that touched off a riot in San Francisco. Thereafter he began drinking very heavily and developed many health problems.

In 1973 Johnson applied for disability insurance benefits. He alleged that he had become unable to work in 1968. The application was denied on the ground that Johnson was not under a disability on or before September 30, 1971, the date he was last insured.

Johnson appealed the denial to an administrative law judge (ALJ) who heard the claim de novo. The ALJ agreed that Johnson was not under a disability on or before September 30, 1971. The appeals council, after hearing additional evidence, approved the ALJ's determination. This ruling was the final decision of the Secretary.

Johnson sought review of the decision in the district court. On July 29, 1977, the district court granted summary judgment in favor of the Secretary, without comment.[1]

The Secretary does not dispute that sometime before 1974 Johnson became disabled because of his drinking and related problems. The sole factual dispute in this case was whether Johnson's alcoholism became disabling on or before September 30, 1971.

The Secretary's finding that Johnson was not disabled until after September 30, 1971 was apparently based on the report of a

clinical psychologist made in November 1971. The psychologist stated as his impression: "[W]ere Mr. Johnson to completely control his alcohol intake . . . he might be able to function in a work setting, although there might very well be some intellectual limitations or even intellectual impairment present."

## STANDARD OF REVIEW

Our review is limited to a determination of whether the Secretary's finding that Johnson was not disabled on or before September 30, 1971 is supported by substantial evidence. *Hall v. Secretary of Health, Education, and Welfare*, 602 F.2d 1372, 1374 (9th Cir.1979). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 1375.

## DISCUSSION

Once a claimant has shown that a physical or mental impairment prevents him or her from engaging in his or her previous occupation, the burden of going forward with the evidence shifts to the Secretary. The Secretary's burden is one of proving that the claimant can engage in other types of substantial gainful work that exist in the economy. *Hall, supra*, 602 F.2d at 1374.

When a claimant has made out a prima facie case, at a minimum the Secretary must come forward with specific findings. The Secretary must show that the claimant has the mental and physical capacity to perform specified jobs, taking into consideration the requirements of the job as well as the claimant's age, education, and background. *Hall, supra*, 602 F.2d at 1377.

The Secretary argues that the burden of proof never shifted below, because

---

1. We view this as a finding by the district court that the Secretary's decision was supported by substantial evidence. As this court has observed before, such a finding, without elucidation, is of no help to us. *Day v. Weinberger*, 522 F.2d 1154, 1155 n. 1 (9th Cir.1975) (citing *White Glove Building Maintenance, Inc. v. Brennan*, 518 F.2d 1271, 1273 (9th Cir.1975)). So much more so when the finding is implicit.

Johnson never established a prima facie case of disability.[2] Severe alcoholism alone may be disabling within the meaning of the Social Security laws. *Griffis v. Weinberger*, 509 F.2d 837 (9th Cir.1975). The Secretary contends, however, that the inability to stop drinking is an element of disability due to alcoholism, and Johnson did not prove that he could not stop drinking.

The record showed that as early as 1966 Johnson was medically diagnosed as a chronic alcoholic: In 1966 he was dismissed from his last regular employment as a roofer because of alcoholic habits. In 1968 and 1969 Johnson participated in alcohol rehabilitation programs. Despite these efforts Johnson was unable to control his drinking. In 1970 he was again diagnosed as a chronic alcoholic. The examining physician found Johnson unable to reach, climb, kneel, balance, stoop, or perform hard labor. The record reveals that during the time Johnson was insured he became unable, because of his alcoholism and its physiological effects, to engage in his previous occupation.

This case is very similar to *Cox v. Califano*, 587 F.2d 988 (9th Cir.1978). In *Cox* the plaintiff was forced to quit his employment as a carpenter because of a back injury. It was undisputed that he was disabled at least until February 10, 1975. At the hearing on February 12, 1975 a vocational expert testified that even with his present disability there were a number of jobs in which Cox could engage. This conclusion was expressly conditioned on Cox's being sufficiently recovered to engage in a sustained daily work routine. There was no evidence in the record to support the ALJ's implicit finding that Cox was able to engage in such a work routine as of February 10, 1975. This court reversed the denial of benefits.

Here, as in *Cox*, the expert's statement that Johnson could function in a work setting was expressly conditioned on Johnson's control of his alcohol intake. It was not evidence that Johnson *could* control his drinking. Here, as in *Cox*, the ALJ made an implicit finding that the condition had been met. Finally, here, as in *Cox*, there is nothing in the record to support the ALJ's implicit finding.

This is not a case of conflicting medical evidence in which one expert's un-cross-examined, contradicted testimony may constitute substantial evidence to support an administrative finding. *Cf. Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The statement in the psychologist's report indicated only that Johnson's alcoholism had not yet left him with secondary, independently disabling impairments. It did not say that Johnson's alcoholism alone was not disabling because he could control it.

### CONCLUSION

Johnson made a prima facie showing that he was disabled by alcoholism on or before September 30, 1971. The Secretary neither rebutted Johnson's showing that his alcoholism was disabling, nor presented evidence of specific jobs in the economy Johnson could perform.

REVERSED and REMANDED with directions to enter judgment in favor of Johnson.

---

**2.** We note from the record that in the district court the Secretary conceded that one of Johnson's medical reports from the relevant period supported his claim of total disability. *See* Clerk's Transcript, p. 22.