Barbara KORNOCK, Plaintiff-Appellant,

v.

Patricia HARRIS, Secretary of Health and Human Services, Defendant-Appellee.

No. 79–3005.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 1980.

Decided Nov. 17, 1980.

---

**526**

Stephen P. Wiman, Oxnard, Cal., for plaintiff-appellant.

Eugene Kramer, Asst. U. S. Atty., Los Angeles, Cal., for defendant-appellee.

* Honorable Earl R. Larson, Senior United States District Judge for the District of Minnesota, sitting by designation.

Before KENNEDY and TANG, Circuit Judges, and LARSON,* District Judge.

PER CURIAM:

Verlyn Kornock applied for Social Security disability benefits. The Administrative Law Judge (ALJ) denied his claim. The decision of the ALJ was affirmed by the Appeals Council, and became the final decision of the Secretary of HEW. The United States District Court for the Central District of California upheld the denial of Kornock's claim. We reverse.

Substituted as plaintiff after her husband Verlyn's death, appellant Barbara Kornock seeks disability benefits because of his bronchial asthma, allergies, and hypertension. The Secretary's findings of fact are conclusive on this court if supported by substantial evidence. *Johnson v. Harris*, 625 F.2d 311, 312 (9th Cir. 1980); *Hall v. Secretary of Health, Education and Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,' " *Walker v. Mathews*, 546 F.2d 814, 818 (9th Cir. 1976), *quoting Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), and "the reviewing court must 'look at the record as a whole and not merely at the evidence lending support to a finding.' " *Cox v. Califano*, 587 F.2d 988, 989–90, *quoting Walker*, 546 F.2d at 818. Under the law of this circuit, the burden is upon the claimant to prove disability within the meaning of the Social Security Act. *Giampaoli v. Califano*, 628 F.2d 1190, at 1193 (9th Cir. 1980); *Hall*, 602 F.2d at 1375. After a claimant establishes a *prima facie* case of disability by showing inability to perform his or her previous employment, however, the burden shifts to the Secretary to prove that the claimant can engage in other types of substantial gainful work that exists in the national economy. *Giampaoli*, at 1192; *Johnson*, 625 F.2d at 312; *Hall*, 602 F.2d at 1375. In meeting this burden, the Secretary must take into consideration the requirements of

specified jobs as well as the claimant's age, education, and background. 42 U.S.C. § 423(d)(2)(A); *Johnson*, 625 F.2d at 312; *Hall*, 602 F.2d at 1377.

█ In this case, the ALJ concluded that Kornock could no longer engage in his usual occupation as a heavy truck driver, and thus appellant met her burden of showing a *prima facie* case of disability. The Secretary maintains that Kornock could engage in those occupations to which the vocational expert testified, namely repairman, machinist, or light truck driver. Testimony of a vocational expert, however, must be reliable in light of the medical evidence in order to qualify as substantial evidence. *Embry v. Secretary of HEW*, 626 F.2d 93, 95 (9th Cir. 1980).

█ Here, most of the doctors concluded that Kornock could perform no work, or at best, limited work involving no physical strain and no environmental pollutants. One treating physician also reported that Kornock could not push or pull with his arms and had limited capacity to stand or sit for more than one to three hours. Moreover, Kornock testified that he had become allergic to the chemicals used in machine work, and that most mechanic jobs involved standing up. Neither the ALJ nor the vocational expert explicitly considered these medical limitations in relation to the demands of the suggested occupations. Further, light truck driving involves, inter alia, loading or unloading a truck weighing under three tons, inspecting the equipment, and performing emergency roadside repairs. Heavy truck driving includes performing the same tasks while driving a truck over three tons. Nothing in the record explains how the physical exertion and pollution associated with driving a big truck differs from that of driving a small one.

The ALJ also failed to consider the overwhelming medical evidence that Kornock's work would be subject to frequent interruptions because of his disabling attacks. "The ability to work only a few hours a day or to work only on an intermittent basis is not the ability to engage in 'substantial gainful activity.'" *Cornett v. Califano*, 590 F.2d 91, 94 (4th Cir. 1978). In other words,

"[s]light work of an irregular spasmodic character, subject to frequent interruptions because of Plaintiff's ailment is not substantial gainful activity." *Austin v. Celebrezze*, 230 F.Supp. 256, 259 (S.D.Tex.1964); *see also Johnson v. Harris*, 612 F.2d 993, 998 (5th Cir. 1980).

We are satisfied that the record does not contain substantial evidence that the Secretary sustained the burden of proof as to the availability of other jobs Kornock could perform in the economy and must therefore reverse. Accordingly, we do not reach appellant's second contention that the ALJ failed to elicit scrupulously all of the relevant facts as required when a claimant is without legal counsel.

A new administrative hearing would serve no useful purpose in this case. Because Kornock is deceased, the evidence would be limited to existing medical reports and the ALJ would be without benefit of Kornock's further testimony.

Accordingly, we REVERSE and REMAND with directions to enter judgment in favor of appellant.