758 F.2d 653
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ELLA L. JONES, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 84-5376
 United States Court of Appeals, Sixth Circuit.
 2/8/85
 
 Appeal from the United States District Court for the Middle District of Tennessee
 Before: KENNEDY, MARTIN and WELLFORD, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from a denial of Social Security Disability and Supplemental Income benefits. The appellant, Ella L. Jones, was born May 18, 1936, and was 45 years old when the ALJ's hearing decision was rendered in June, 1982. She last worked in January, 1979, as a nurse's aide in a nursing home. Her duties included bathing and feeding patients and assisting them into and out of beds and chairs. Prior to working as a nurse's aide, she was employed as a maid at a motel.
 
 
 2
 The ALJ determined that Mrs. Jones was incapable of performing the exertional requirements and therefore of returning to her former occupations. Based upon his finding that she retained the Residual Functional Capacity (RFC) to perform sedentary work on a sustained basis, he concluded that the Medical-Vocational Guidelines (grids), 20 C.F.R. pt. 404, subpt. P, app. 2, directed a finding of 'not disabled'. That conclusion became the final decision of the Secretary when the Appeals Council declined to grant review on November 10, 1982. The District Court granted the Secretary's motion for summary judgment on February 27, 1984.
 
 
 3
 The findings of the Secretary may not be overturned unless they are unsupported by substantial evidence. Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). The burden of proof is upon the claimant to show that her disability precludes her from engaging in any substantial gainful activity. Once the claimant has established that she is no longer capable of performing her former work, the burden shifts to the Secretary to prove that there are jobs in the national economy which the claimant can perform. Hephner v. Mathews, 574 F.2d 359, 361-62 (6th Cir. 1978).
 
 
 4
 Appellant challenges the determination against her on two grounds. First, she contends that the ALJ failed to consider her nonexertional impairments, and that he erred in applying the grids to dictate a determination of 'not disabled'. Second, she argues that her frequent hospitalizations render her incapable of performing any level of gainful activity on a sustained basis, and that the ALJ's finding that she was capable of performing sedentary work on a sustained basis 'despite intermittent exacerbations of her symptomatology' was unsupported by substantial evidence.
 
 I.
 
 5
 There is no dispute that the appellant suffers from emphysema, bronchial asthma and hypertension, which the ALJ found to be 'severe' and to 'significantly limit and restrict her ability to perform basic work-related functions,' as well as obesity and chest, back and leg pain. Nevertheless, he concluded that she retained RFC to perform sedentary work. She contends, however, that the record establishes that her respiratory condition necessitates that she avoid exposure to dust, fumes and extremes of temperature; that these restrictions constitute nonexertional impairments; and that it is inappropriate to apply the grids to claimants suffering from nonexertional impairments.
 
 
 6
 The medical evidence of record consists of the reports of three consultative physicians, Doctors Thurman, Cochran and Cooke, and appellant's treating physician, Dr. Leonard. All three of the consulting physicians opined that she retained the physical ability to perform sedentary or light work, while Dr. Leonard felt that she was totally and permanently disabled. Although normally the opinion of a treating physician is entitled to greater weight than that of a consultative physician, Kirk, 667 F.2d at 538, the District Court correctly stated that this conflict in the evidence was for the ALJ to decide, and that the opinions of the three consulting physicians constituted substantial evidence. Hence, there is no basis for overturning the finding that Mrs. Jones retained RFC for sedentary work.
 
 
 7
 Prefatory to the grids, the regulations specifically state that in cases in which a claimant suffers from a combination of exertional and nonexertional impairments, 'a conclusion of disabled or not disabled is not directed,' 20 C.F.R. pt. 404, subpt. P, app. 2, Sec. 200.00(d) (1984), and that in such cases the grids are properly used as 'a framework for consideration of how much the individual's work capability is further diminished . . . by the nonexertional limitations.' Sec. 200.00(e). 'Thus, if the nonexertional limitation restricts a claimant's performance of a full range of work at the appropriate residual functional capacity level, nonexertional limitations must be taken into account and a non-guideline determination made.' Kirk, 667 F.2d at 528-29. The ALJ made no specific finding with respect to appellant's alleged nonexertional impairments. However, the District Court concluded that '[a]lthough the plaintiff has a moderate non-exertional impairment of her pulmonary system, . . . [t]he ALJ (though not explicitly) apparently found that the plaintiff retains the residual functional capacity to engage in a full range of sedentary work . . ..'
 
 
 8
 '[N]ot every malady of a 'nonexertional' nature rises to the level of a 'nonexertional impairment." Smith v. Schweiker, 719 F.2d 723, 725 (4th Cir. 1984). If it did, 'any allegation of nonexertional limitations would preclude resort to the grid and thus frustrate the Congressional intention of simplifying and expediting the adjudicative purpose.' Kirk, 667 F.2d at 537. While it is necessary for the ALJ to make complete and comprehensive findings on the essential issues, the reviewing court may recognize and accept findings implicit in the decision taken as a whole. See Allen v. Schweiker, 642 F.2d 799, 801 (5th Cir. 1981).
 
 
 9
 The three consulting physicians each prepared a written summary of the results of their examination of the appellant, as well as filling out a 'Physical Capacities Evaluation' form. The forms that they fillled out did not ask whether the claimant being examined was restricted in exposure to dust and fumes or marked changes in temperature. Dr. Thurman stated in his report that '[i]t is very strongly advised that [Mrs. Jones] avoid heavy dust and fume exposure.' Neither of the other consulting physicians mentioned that she had such a restriction. The District Court inferred that '[t]he ALJ either disregarded the limitation by Dr. Thurman regarding dust and fumes, since neither Dr. Cochran nor Dr. Cooke mentioned any restriction, or found that Dr. Thurman's notation regarding avoidance of heavy dust and fumes did not prevent plaintiff from engaging in a full range of sedentary jobs.'
 
 
 10
 While this Court is not entirely satisfied that the record supports the inferences drawn by the District Court, it is our opinion that the appellant failed to sustain her burden of proving the existence of a nonexertional impairment that would disable her from engaging in a full range of sedentary jobs. The ALJ's determination that she could not return to her previous employment was based on exertional factors. Therefore, the burden shifted to the Secretary to prove that she retained the exertional capacity (RFC) to engage in substantial gainful activity. The Secretary sustained its burden of proving that the appellant retained RFC to perform sedentary work, and, combined with the factors of age, education, and skill, that there were jobs in the national economy available to the appellant. The need for the Secretary to make a non-grid determination does not arise until the claimant has sustained her initial burden of proving the existence of a nonexertional impairment. The key piece of evidence on which the appellant relies is Dr. Thurman's notation that she 'avoid heavy dust any fume exposure' (emphasis added). We do not consider such a restriction, even if conceded, to impact substantially the range of jobs at appellant's RFC level that she could perform. 'Where a person has a medical restriction to avoid excessive amounts of noise, dust, etc., the impact on the broad world of work would be minimal because most job environments do not involve great noise, amounts of dust, etc.' Title II and XVI: Capability To Do Other Work--The Medical-Vocational Rules as a Framework for Evaluating Solely Nonexertional Impairments, Soc. Sec. Rul. 83-13, UNEMPL. INS. REP. (CCH) p14,534, at 1999-38 (Jan. 1983) (based on Program Policy Statement PPS-104) (emphasis added). The Secretary did not err in applying the grid to direct a finding of 'not disabled'.
 
 II.
 
 11
 'The law defines disability as the inability to do any substantial gainful activity by reason by any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.' 20 C.F.R. Sec. 404.1505 (1984). Although it is not stated explicitly in the regulations, it is clear that this definition is met if one is functionally capable of working, but not on a sustained basis. See Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); Stevenson v. Heckler, 588 F. Supp. 980, 985 (D. Utah 1984); Wyman v. Califano, UNEMPL. INS. REP. (CCH) p17,995C, at 2412 (W.D. Mich. Sept. 21, 1981).
 
 
 12
 The record shows that in the 13 month period from April 20, 1981, to May 27, 1982, appellant was hospitalized four times for periods ranging from three and a half to five weeks. Dr. Cochran's report indicates that she was also hospitalized several months in 1979 mostly for respiratory problems. The ALJ concluded that despite 'intermittent exacerbations of her symptomatology,' she retained RFC to perform sedentary work on a sustained basis. It is not clear that the ALJ was referring to her hospitalizations, rather than her frequent asthma attacks and dizzy spells, in making this statement. There is no indication that the ALJ considered her repeated, lengthy hospitalizations in concluding that she was capable of performing sedentary work on a sustained basis. A physical or mental condition does not have to be unremitting to be disabling. 'Intermittent exacerbations,' if they occur with regularity and cannot be brought under control with medical treatment, obviously may foreclose holding a job for any length of time.
 
 
 13
 There is evidence in the record, from Dr. Leonard, that appellant's condition has been deteriorating, and that her hospitalizations resulted in no significant improvement in her overall condition. On the other hand, despite her respiratory condition the record indicates that she smokes 10 cigarettes per day, and Dr. Cooke suggested that her residual functional capacity might improve if she lost weight. While it is for the Secretary to determine whether the appellant is capable of engaging in substantial gainful activity, the ALJ should make a factual finding as to whether the recent pattern of hospitalizations was likely to continue, whether her condition was susceptible to significant improvement, and whether repeated hospitalizations would foreclose her from performing sedentary work on a sustained basis. It may be necessary to have a vocational expert testify as to whether there are jobs available where an employer would be willing to accommodate such frequent absenteeism.
 
 
 14
 This matter is remanded to the District Court with instructions to remand to the Secretary for further proceedings to develop medical and vocational evidence bearing on appellant's ability to engage in sedentary work on a sustained basis.
 
 
 15
 WELLFORD, Circuit Judge, Concurring.
 
 
 16
 I concur in the decision to remand with the understanding that the decision does not intimate any rule that frequent hospitalizations, especially if initiated by a claimant who persists in smoking and yet claims serious respiratory problems, may establish some kind of disability under the act. The remand here is for the purpose of a factual finding by the ALJ as to impact, if any, of intermittent periods of hospital treatment upon the ability of claimant to perform sedentary work.