Joseph CASTILLO, Plaintiff,

v.

Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.

Civ. No. 84–60–RE.

United States District Court, D. Oregon.

Sept. 3, 1986.

Richard A. Sly, Bloom, Marandas & Sly, Portland, Or., for plaintiff.

Charles H. Turner, U.S. Atty., Craig J. Casey, Asst. U.S. Atty., Portland, Or., Gary J. Thogersen, Sp. Asst. U.S. Atty., Seattle, Wash., for defendant.

## OPINION

REDDEN, District Judge:

Plaintiff brings this action pursuant to Section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Secretary of Health and Human Services (the Secretary) denying plaintiff's application for disability insurance benefits. I find that the decision of the Secretary is supported by substantial evidence and therefore affirm that decision.

## BACKGROUND

A. *Procedural*

Procedurally this is a complex case. It is necessary to explain this plaintiff's long history with the Social Security Administration in order to clarify the issue to be decided by me.

Plaintiff first filed an application for disability benefits on June 1, 1973. Tr. 237.

The Administration found that plaintiff was disabled due to paranoid schizophrenia and granted him benefits commencing June 4, 1973. Tr. 241.

In July 1981, plaintiff was notified that the Administration had determined that he was no longer disabled as of May 1981. Tr. 250. Plaintiff requested that the Administration reconsider this determination and the request was denied on March 10, 1982. Tr. 254. Plaintiff then requested a hearing which was held on July 27, 1982. Tr. 80–127. Plaintiff was represented by counsel at the hearing. On January 12, 1983, the Administrative Law Judge (ALJ) issued his decision finding that plaintiff's disability had ceased as of May 1981. Tr. 74. The Appeals Council adopted the ALJ's findings and this became the Secretary's final decision. Tr. 71.

On January 18, 1984, plaintiff filed a complaint in the United States District Court for the District of Oregon challenging the Secretary's decision that his disability had ceased in May 1981. The district court issued its Opinion on May 2, 1984, remanding the case to the Secretary to consider the case in light of the standards set forth in *Lopez v. Heckler*, 572 F.Supp. 26, (C.D.Cal. June 16, 1983). The case was remanded by the Appeals Council to an ALJ for consideration of the *Lopez* standards. Tr. 44.

On June 28, 1983, plaintiff filed a new application for disability benefits. Tr. 396. This application was denied initially and upon reconsideration. Tr. 403, 409. Plaintiff filed a request for a hearing on the denial of the June 1983 application. The hearing on this application was consolidated with the hearing on the remanded case. After the consolidated hearing the ALJ issued his decision on October 5, 1984, finding that plaintiff had been disabled continuously since 1973. Tr. 33–41. The ALJ thus dismissed the hearing request on the 1983 application as moot. Tr. 32.

The Appeals Council declined to adopt the ALJ's findings and remanded the case to the ALJ for further consideration. Specifically the Appeals Council directed the

ALJ to consider evidence that plaintiff had engaged in substantial gainful activity during some period of time since 1973. The Appeals Council also directed the ALJ to consider plaintiff's case under new changes in the law regarding mental impairments mandated by the Social Security Disability Benefits Reform Act of 1984. Tr. 30–31.

On May 16, 1985, a third hearing was held before an ALJ. Tr. 106–234. Plaintiff was represented by counsel at that hearing. Testimony was offered by a vocational expert, plaintiff's treating psychologist, a former employer of plaintiff, plaintiff and his spouse. On July 12, 1985, the ALJ issued his decision that plaintiff's period of disability had ceased as of June 30, 1979 due to plaintiff's work activity. Tr. 11–18. The ALJ issued a separate finding on July 12, 1985 that plaintiff was entitled to a closed period of disability from March 1981 through August 1984 on his 1983 application.

The Appeals Council adopted the ALJ's decision that plaintiff's disability had ceased in June 1979. Tr. 506. This became the final decision of the Secretary. It is this decision that is before me now to review. Plaintiff also raises an issue of entitlement to benefits during what he terms a "gap period." As will be more fully explained below, I cannot determine the latter issue regarding the "gap period."

## B. *Facts*

On May 16, 1985, the time of plaintiff's most recent hearing, he was 40 years old and had a high school education with two years of community college. He had worked on an assembly line and in a machine shop before joining the military in 1970. While in the military plaintiff transported wounded veterans in Guam who had been in the Vietnam conflict. This job deeply affected plaintiff emotionally. He was given a medical discharge from the military in 1974 with a diagnosis of paranoid schizophrenia.

As noted earlier, plaintiff was originally awarded disability benefits commencing in June 1973. Upon discharge from the military plaintiff began taking classes at a community college, eventually completing a two year program and obtaining a realtor's license. During the period plaintiff attended community college he had a variety of odd jobs that gave him minimal income.

In September through December 1975, plaintiff had income that ranged from less than $50.00 per month to just over $100.00 per month. Tr. 268. Plaintiff earned $87.00 in January 1976, $875.00 in June 1978, $188.00 in October 1978 and $1,704.00 in December 1978. Tr. 261, 267. Plaintiff had begun work as a real estate salesperson in 1978. The records show that plaintiff earned $4,212.00 in 1979, $10,499.00 in 1980 and $914 in 1981. Tr. 15.

In 1981 plaintif's mental condition worsened preventing him from engaging in any substantial gainful activity. His condition, after hospitalization and concentrated psychotherapy and counseling, has now improved and plaintiff is working towards the goal of leading a productive and healthy life. Tr. 201–202.

## DISCUSSION

### A. *General Legal Standards*

Under 42 U.S.C. § 405(g), the jurisdiction of this court is limited to determining whether the Secretary's findings are supported by substantial evidence, viewing the record as a whole. *Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir.1984). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Johnson v. Harris*, 625 F.2d 311, 312 (9th Cir.1980). It is more than a scintilla, but less than a preponderance. *Id.*

A claimant has the burden of proving disability within the meaning of the Act. *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir.1980). A person who has previously been determined disabled, who completes a nine month trial work period, and thereafter engages in substantial gainful activity is not considered "disabled" regardless of medical findings. 20 C.F.R. § 404.-1520(b).

The ALJ determined that plaintiff had completed a nine month trial work period and that he thereafter engaged in substantial gainful activity. The ALJ therefore found that plaintiff was not disabled within the meaning of the Act between June 1979 and March 1981. Substantial work activity is defined as work activity that involves significant physical or mental exertion. 20 C.F.R. § 404.1572(a). Gainful work activity is defined as activity that is done for pay or profit, whether or not profit is actually realized. 20 C.F.R. § 404.1572(b).

### B. *Evaluating the Evidence*

#### 1. Nine Month Trial Work Period

The ALJ found that plaintiff had completed a nine month trial work period ending in March 1979. Tr. 15. The ALJ noted that the Secretary's regulations specify that services earning at least $50.00 per month prior to 1979 should be considered in determining whether an individual had completed a nine month trial work period. 20 C.F.R. § 404.1592. After 1979, services earning at least $75.00 per month were to be considered.

When an individual completes nine months of work earning at least these amounts, then he has completed a trial work period. The months need not be consecutive. *Id.* In determining whether plaintiff had completed a nine month trial work period the ALJ noted that he had earned $100.00 in November 1975; $135.00 in December 1975; $87.45 in January 1976; $875.00 in June 1978; $188.00 in October 1978; $1,704.00 in December 1978; and that he averaged in excess of $350.00 for the first three months of 1979. These earnings, the ALJ found, constituted plaintiff's trial work period. This finding is supported by the evidence presented at the hearing and contained in the record. I therefore affirm the ALJ's finding that plaintiff completed a nine month trial work period in March 1979.

#### 2. Substantial Gainful Activity Between 1979–1981

Under Social Security Ruling 83–34 an individual's yearly earnings can be aver-aged to determine monthly income for purposes of ascertaining whether the individual was engaged in substantial gainful activity. In the present case, the record does not reflect plaintiff's monthly income for the years 1979, 1980 and 1981. Plaintiff's yearly income, however, is well documented.

The ALJ averaged plaintiff's yearly income for those years finding that he had a monthly income of approximately $350.00 in 1979 (yearly income $4,212.00); a monthly income of $700.00 in 1980 (yearly income $10,499.00); and an income of $914 for January and February of 1981. Tr. 15. The ALJ noted that income was derived from plaintiff's work as a real estate salesperson, which is essentially self-employment. He therefore analyzed this income under the standards set out by the Administration in Social Security Ruling 83–34.

In that ruling the Secretary set out three tests for determining if a self-employed individual's work is to be considered substantial gainful activity. The first consideration is whether the activity provides significant services and substantial income. Secondly the ALJ must consider the comparability of the work performed by the claimant. Lastly, the ALJ must consider the worth of the work. For self-employed persons the significance of their services is given. Accordingly, the ALJ next considered if the income plaintiff received from his work activities was substantial.

Income is substantial if it exceeds $280.00 per month for months prior to 1979, and $300.00 per month for subsequent months. 20 C.F.R. § 404.1574(b). For self-employed individuals, certain business expenses are first deducted from their income, and then a determination is made. The burden of establishing these deductions is on the claimant. In the present case the ALJ found that although plaintiff claimed that the income he reported was gross income, without any business deductions, he failed to provide any documentation or other proof, save oral testimony,

that he actually incurred these expenses. Also, plaintiff could not recall even ballpark figures on many of the expenses he claimed he incurred. Tr. 205–217. The ALJ therefore used the income plaintiff had reported on his income tax returns to determine whether or not plaintiff had engaged in substantial gainful activity.

■ Plaintiff argues that the ALJ erred in not considering his claimed business expenses. I do not agree. The record shows that the ALJ kept the record open for an additional six weeks after the hearing to give plaintiff a chance to obtain proof of his claimed deductions. Tr. 218, 232. Apparently plaintiff did not supply the ALJ with the necessary proof as it is not contained in the record. Thus, the ALJ's decision is supported by the evidence in the record.

I also note that the ALJ was not free to accept plaintiff's allegations that he incurred business expenses without some corroborative evidence. 20 C.F.R. § 404.-803, No. 4. Social Security records are conclusive evidence of self-employment income for any year after the time limit of three years, three months and fifteen days has ended. *Id.* Section 404.822 provides an exception to this rule and allows an earnings record to be corrected to reduce self-employment incomes. That regulation allows an earnings record to be reduced to agree with a tax return if satisfactory evidence shows that the Social Security records are incorrect. In the present case plaintiff's tax returns and Social Security records are in agreement.

The ALJ noted that the final tests specified in Social Security Ruling 83–34 focus on a comparison of the work performed by the impaired individual to that of unimpaired individuals in the community. He found that both the vocational expert and plaintiff's former supervisor testified that plaintiff's work activities in the real estate business amounted to full time work. Further, plaintiff's former supervisor testified that during the time that plaintiff was employed by him, his services were valued by the company. The ALJ found that the final two tests had been met. This finding is supported by substantial evidence, and I therefore affirm.

■ Plaintiff's final argument is that he is entitled to payment of disability benefits commencing in March 1981, and not from June 1982 when he started receiving benefits for his closed period of disability. This is an issue which is not subject to judicial review. The ALJ found that plaintiff was entitled to disability benefits for a closed period commencing in March 1981. This determination was on plaintiff's application for disability benefits which was filed in June 1983. Plaintiff did not appeal the ALJ's decision on this application.

■ However, even if plaintiff had appealed this decision, his complaint with the outcome of that decision is not reviewable by this court. Plaintiff's remedy is through agency action on this issue. Apparently, plaintiff was given an overpayment of benefits and he is now seeking to be relieved of paying back the overpayment. Alternatively, it appears plaintiff is arguing that there was no overpayment.

Plaintiff is entitled to request a waiver of any overpayment. To do so he must follow the procedures set forth in the regulations. *See* 20 C.F.R. § 404.501 *et seq.* (1985). I do note that pursuant to 20 C.F.R. § 404.621, disability benefits are payable retroactively for only twelve months prior to the date of application. Plaintiff applied for disability benefits in June 1983. The Secretary determined that he was entitled to payment of benefits commencing June 1982. This determination is entirely appropriate.

## CONCLUSION

The Secretary's decision that plaintiff performed substantial gainful activity between June 1979 and March 1981 is supported by substantial evidence. I therefore affirm the Secretary's decision. The Secretary's calculation of benefits owed to plaintiff, and the assessment of any overpayment is not reviewable by this court. However, I do find that the Secretary prop-

erly applied 20 C.F.R. § 404.621 in calculating the date upon which plaintiff was entitled to commence receiving benefits under his June 1983 application.