105 F.3d 666
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Myron STRONG, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, Social Security
Administration, Defendant-Appellee.
 No. 95-36136.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 8, 1996.*
Decided Dec. 30, 1996.
 
 Before: CANBY, RYMER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Myron Strong appeals the district court's order that affirmed the decision of the Commissioner of the Social Security Administration to deny Strong's claim for disability benefits under the Social Security Act. We reverse and remand.
 
 
 3
 We need not restate the facts because the parties are familiar with them. We review de novo a district court order that affirms an Administrative Law Judge's (ALJ) decision to deny disability benefits. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996). We review the ALJ's decision to determine whether it is supported by substantial evidence and whether the ALJ applied the correct legal standards. Id.
 
 ANALYSIS
 
 4
 Strong contends that the ALJ erred by rejecting the testimony of Dr. Kurlychek, a treating or examining physician.[1]
 
 
 5
 Dr. Kurlychek's opinion that Strong cannot work a full day and week was contradicted by Dr. Moulton's opinion that Strong could do so. Thus, the ALJ had to provide specific and legitimate reasons that are supported by substantial evidence in order properly to reject Dr. Kurlychek's opinion. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir.1995).
 
 
 6
 The ALJ failed to provide specific and legitimate reasons that are supported by substantial evidence. The ALJ concluded that Dr. Kurlychek was a "hired gun" and rejected Dr. Kurlychek's assessment of Strong's limitations primarily on that basis. But the fact that Strong's attorney hired Dr. Kurlychek is not an appropriate reason to reject Dr. Kurlychek's opinion. See Lester, 81 F.3d at 832. Thus, the ALJ essentially accepted the opinion of Dr. Moulton, a non-examining physician, in place of Dr. Kurlychek's opinion merely because the ALJ found Dr. Moulton's opinion "persuasive." The opinion of a non-examining physician alone cannot serve as substantial evidence to reject the opinion of an examining physician. Id. Therefore, substantial evidence does not support the ALJ's decision to defer to Dr. Moulton's assessment and to reject Dr. Kurlychek's. See id.
 
 
 7
 Thus, we must credit Dr. Kurlychek's opinion that Strong cannot work a full day or full week. Strong cannot secure gainful employment with such a limitation. See Kornock v. Harris, 648 F.2d 525, 527 (9th Cir.1980). Therefore, Strong is disabled "as a matter of law." See Hammock v. Bowen, 879 F.2d 498, 502 (9th Cir.1989).
 
 
 8
 We accordingly reverse and remand with instructions to find Strong disabled beginning May 30, 1989.
 
 
 9
 REVERSED AND REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Strong also argues that the ALJ erred by rejecting Strong's subjective pain and fatigue testimony and the lay witness testimony of Strong's wife and daughter. Strong further contends that the hypothetical question that the ALJ posed to the vocational expert failed to include all of Strong's limitations. Because we reverse on other grounds and remand for a finding of disability, we need not reach these issues