106 F.3d 406
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Judith BRUGGEMAN, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, Social Security
Administration, Defendant-Appellee.
 No. 95-35742.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1997.*
Decided Jan. 21, 1997.
Order Clarifying Memorandum Feb. 14, 1997.
 
 Before: ALDISERT,** PREGERSON, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Judith Bruggeman appeals from the district court's order affirming the Commissioner of the Social Security Administration's denial of her application for disability insurance benefits. She argues that the Commissioner erred in disregarding the opinion of her treating physician and in rejecting her hearing testimony. We agree with Bruggeman on both points. Because the Commissioner would have been compelled to find her disabled if not for these errors, we reverse and remand for payment of benefits.
 
 
 3
 The district court had jurisdiction under 42 U.S.C. § 405(g). This court has jurisdiction under 28 U.S.C. § 1291. The appeal was timely filed under Rule 4(a) of the Federal Rules of Appellate Procedure.
 
 
 4
 Bruggeman filed her first application for Social Security disability insurance benefits on May 9, 1988 alleging she became disabled on November 15, 1987 due to Lyme disease. The Commissioner denied her application. Bruggeman requested reconsideration, and on September 6, 1988, her claim was again denied. On September 19, 1988, Bruggeman requested a hearing, but she withdrew her request on October 6, 1988. Bruggeman acted pro se throughout the proceedings on her first application.
 
 
 5
 In 1992, Bruggeman filed a second application for disability benefits, again alleging she has been disabled since November 15, 1987. The Commissioner considered only the period between September 6, 1988, the date the first decision was final, and December 31, 1988, the date Bruggeman's insured status for disability benefits expired. The Commissioner, finding Bruggeman was not disabled during this period, denied Bruggeman's second application on initial review and again on reconsideration.
 
 
 6
 Bruggeman requested a hearing on her second application. At the hearing, she introduced a 1992 letter from her physician, Dr. Rodaway, stating: "in my medical opinion, Judith has been totally disabled since December 28, 1987." ER 90. Dr. Rodaway was Bruggeman's treating physician from the onset of her symptoms in late 1987. Bruggeman testified at the hearing that she experienced temporary relief with medication but "each time would hit rock bottom again."
 
 
 7
 The ALJ disregarded Bruggeman's testimony and the opinion of Dr. Rodaway and found that Bruggeman was not disabled. The ALJ relied principally on a letter from a Dr. Enkema, a physician who saw Bruggeman only twice. Dr. Enkema wrote Dr. Rodaway on September 9, 1988:
 
 
 8
 It was nice talking with you today ... I am delighted to hear that [Bruggeman's] symptoms have virtually abated on single antibiotic therapy ... I am encouraged that she is undergoing further evaluations of her immune function, and I am also encouraged to know that her weight loss has stabilized.
 
 
 9
 The ALJ found that Bruggeman's testimony and Dr. Rodaway's opinion were inconsistent with Dr. Enkema's statement that Bruggeman's symptoms had "virtually abated."
 
 
 10
 The ALJ also relied on the Commissioner's denial of Bruggeman's initial application. The ALJ noted that Bruggeman's first application was denied on the grounds that she was not disabled. The ALJ presumed from this decision that Bruggeman remained able to work during the period after her first application was denied. Further, he concluded that Bruggeman had not proven she was disabled because she had not shown that her condition worsened after the Commissioner denied her initial application.
 
 
 11
 The ALJ also found that Bruggeman's testimony was inconsistent with her withdrawal of the request for a hearing on her first application. The ALJ reasoned that, if Bruggeman's symptoms had worsened after her first application was denied, she would not have withdrawn her request for a hearing.
 
 
 12
 The district court affirmed the Commissioner's denial of Bruggeman's application for benefits. This court reviews de novo the district court's order upholding a denial of benefits. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996). We must affirm a denial of benefits if the findings are supported by substantial evidence and the Commissioner applied the correct legal standards. Id. Substantial evidence is more than a mere scintilla, but less than a preponderance. Gonzalez v. Sullivan, 914 F.2d 1197 (9th Cir.1990).
 
 I.
 
 13
 Bruggeman argues the ALJ erred in disregarding her testimony and the opinion of Dr. Rodaway. As discussed above, the ALJ's decision to disregard this evidence was based on the following: (1) Dr. Enkema's letter to Dr. Rodaway, Bruggeman's treating physician, stating that Bruggeman's symptoms had "virtually abated," (2) the Commissioner's denial of Bruggeman's first application, (3) the lack of evidence showing that Bruggeman's symptoms worsened after her first application was denied and (4) Bruggeman's withdrawal of her request for a hearing on her first application. We address each of reasons in order.
 
 
 14
 First, we find that Dr. Enkema's letter was not a sufficient basis for disregarding Bruggeman's testimony and the letter from Dr. Rodaway. Dr. Enkema's letter stated only that Bruggeman's symptoms had "virtually abated," without any indication of how long they abated or whether the abatement was permanent. Dr. Enkema went on to say he was "encouraged [Bruggeman] is undergoing further evaluations." This comment suggests that Dr. Enkema did not think Bruggeman had completely recovered. Thus, Dr. Enkema's letter was consistent with Bruggeman's testimony and Dr. Rodaway's statement that her symptoms "improved temporarily with medication." A temporary lapse in symptoms does not preclude a finding of disability. See Kornock v. Harris, 648 F.2d 525, 527 (9th Cir.1980).
 
 
 15
 We now turn to the denial of Bruggeman's first application. If the Commissioner denies a prior claim on the grounds that a claimant is not disabled, such denial normally gives rise to a presumption that the claimant continues to be able to work after the date of the finding. Lester v. Chater, 81 F.3d 821, 827 (9th Cir.1995). This presumption does not apply, however, when the claimant was unrepresented by counsel at the time of the prior claim. Id. at 827-28. Bruggeman was unrepresented by counsel during the proceedings on her first application. Accordingly, the ALJ erred in attaching any significance to the denial of Bruggeman's previous application.
 
 
 16
 We now consider whether the ALJ properly discounted Dr. Rodaway's opinion because Dr. Rodaway's contemporaneous record of treatment did not show an increase in symptoms from September 7, 1988 to December 21, 1988. Initially we note that Dr. Rodaway doubled Bruggeman's prescription for antibiotics during this period. This fact suggests that Bruggeman's condition did in fact worsen. More importantly, we find the ALJ required Bruggeman to show an increase in symptoms during the relevant period because the ALJ was relying on the denial of Bruggeman's first application. We have already concluded that such reliance was improper. It was therefore not necessary for Bruggeman to show an increase in symptoms during the relevant period.
 
 
 17
 Having disregarded the first three reasons for the ALJ's decision, we turn to the ALJ's focus on Bruggeman's withdrawal of her request for a hearing on her first application. Bruggeman could not explain her decision to withdraw--she testified that she could not remember even writing the withdrawal letter. In the absence of any other explanation, we might reasonably infer that Bruggeman withdrew her request because her symptoms had subsided. However, we find this inference an insufficient basis for disregarding Bruggeman's testimony and Dr. Rodaway's opinion. Accordingly, we find that the ALJ erred in disregarding this evidence.
 
 II.
 
 18
 Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion as a matter of law. Lester, 81 F.3d at 834. Similarly, where the ALJ improperly rejects the claimant's testimony regarding her limitations, and the claimant would be disabled if her testimony were credited, we credit that testimony as a matter of law. Id. Dr. Rodaway's opinion and Bruggeman's testimony, when given the effect required by law, establish that Bruggeman has been disabled since December 28, 1987. Accordingly, we remand for the payment of benefits as of that date.
 
 
 19
 REVERSED and REMANDED for payment of benefits.
 
 ORDER
 Feb. 14, 1997
 
 20
 Appellant's Motion for Clarification and/or Reconsideration is GRANTED.
 
 
 21
 We make the following clarification to our Memorandum dated January 21, 1997. In that Memorandum we remanded for payment of benefits as of December 28, 1987. In so doing, we implicitly required payment of benefits pursuant to Appellant's application dated May 9, 1988. This clarification does not in any way alter the reasoning or conclusions stated in our Memorandum dated January 21, 1997, which remains in full force and effect.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit R. 34-4
 
 
 **
 Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3