Monte R. MOORE, Plaintiff,

v.

William A. HALTER, Commissioner of Social Security, Defendants.

No. C 00–2166 SC.

United States District Court,
N.D. California.

April 11, 2001.

---

**58.** *See Providence Washington Ins. Co. v. De-Havilland Aircraft Co. of Canada, Ltd.,* 699 P.2d 355, 357 (Alaska 1985).

**59.** *See id.*

Michael J. Wall, Santa Rosa, CA, for plaintiff.

Gail Killefer, Jocelyn Burton, U.S. Attorney's Office, San Francisco, CA, for defendant.

### ORDER RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT

CONTI, Senior District Judge.

## I. INTRODUCTION

Plaintiff Monte R. Moore ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of defendant Commissioner of the Social Security Administration ("Commissioner") that Plaintiff does not qualify for disability benefits under Title II of the Social Security Act. *See* 42 U.S.C. § 401 et seq. Plaintiff requests that relief be given in the form of an order reversing the decisions of the Commissioner, or in the alternative, remanding the case to the Commissioner for further proceedings. The Commissioner cross-moves for summary judgment and for affirmation of his final decision.

## II. BACKGROUND

Plaintiff filed an application for Social Security disability insurance benefits on February 17, 1998. He alleged that he became disabled beginning May 30, 1996 due to colitis, a deteriorating hip, low back pain, a past knee fusion in which a steel rod was inserted from the hip to the ankle, and loss of teeth as a result of lack of calcium due to the colitis.

Plaintiff's application for social security disability benefits was denied initially and on reconsideration. Plaintiff filed a request for rehearing. The administrative hearing took place before Catherine Lazuran, United States Administrative Law Judge ("ALJ"). On January 29, 1999, Judge Lazuran rendered a decision unfavorable to Plaintiff. The Appeals Council denied Plaintiff's request for review on April 21, 2000.

Plaintiff contends that this Court should grant summary judgment in his favor on two grounds. First, Plaintiff argues that the ALJ's determination that Plaintiff retained the residual functional capacity to perform work at a light exertional level misrepresented Plaintiff's limitations and was not supported by substantial evidence. *See* Ptf. Mem. at 5. Second, Plaintiff argues that the ALJ erred as a matter of law by failing to consider the entire case record and failing to set forth "an accurate and detailed representation of all plaintiff's limitations as expressed in the medical records." *See* Ptf. Mem. at 6. These arguments appear to be two sides of the same coin: that the ALJ's determination was not supported by substantial evidence because she failed to consider the entire record.

The Commissioner disputes these contentions, and seeks summary judgment against Plaintiff. For the reasons set forth below, the Court agrees in part with Plaintiff, and remands the case to the ALJ for the limited purpose of making a determination of Plaintiff's Koch pouch-related limitations based on all the evidence in the record, and a finding concerning Plaintiff's ability to work given his limitations.

## III. ANALYSIS

### A. The ALJ's Findings

In his decision, the ALJ properly noted that the Social Security Regulations establish a five-step sequential evaluation process for making disability determinations.

The first step asks whether the claimant is working. 20 C.F.R. 404.1520(b). The second step asks whether the claimant has a "severe" impairment. 20 C.F.R. 404.1520(c). The third step asks whether the claimant has an impairment which meets or equals the criteria of any impairment listed in Appendix 1 to Subpart P of Social Security Regulation No. 4. 20 C.F.R. 404.1520(d). The fourth asks whether the claimant can perform his past relevant work. 20 C.F.R. 404.1520(e). The fifth asks whether the claimant can perform other jobs present in significant numbers in the national economy. 20 C.F.R. 404.1520(f). If the answer to one of these questions establishes whether the claimant is disabled, no further evaluation is necessary.

The ALJ analyzed Plaintiff's disability claim through this five-step process. Pursuant to step one, the ALJ found that Plaintiff had not engaged in any significant gainful activity after May 30, 1996. Pursuant to step two, the ALJ found Plaintiff to have the severe impairments of chronic ulcerative colitis, status post colectomy in 1990 and Koch pouch creation in 1994, and status post rodding of the left leg from the hip to the ankle. Trans. at 23.

Once the ALJ determines that the claimant has a medically severe impairment, the ALJ must proceed to step three to determine whether the impairment

meets or equals a "listed" impairment that is so severe as to preclude gainful activity. 20 CFR 404.1520(d). To this end, the ALJ looked at the Listing of Impairments found in Appendix 1 to Subpart P of Social Security Regulation No. 4 and concluded that Plaintiff had no impairment that met or equaled the criteria of any listed impairment.

Because Plaintiff's impairment did not meet or equal a "listed" impairment, the ALJ continued to step four to determine Plaintiff's residual functional capacity. The ALJ found that Plaintiff retained physical residual capacity to perform the exertional demands of light work. The ALJ found that Plaintiff had the following additional limitations: only occasional balancing and stooping; no kneeling, crouching, crawling, or climbing on ladders or ropes; the need to be near a restroom; the need for a sit/stand option. The Court posed these limitations to the vocational expert in a hypothetical question concerning employability. The expert found that an individual with claimant's residual functional capacity, age, education, and work experience could perform: telemarketing, auto self-serve attendant, and general assembler. Based on this conclusion, the ALJ found that Plaintiff could perform jobs that exist in significant numbers in the national economy, and was therefore "not disabled" within the meaning of the Social Security Act.

### B. *Legal Standards*

In order to collect supplemental security income, Plaintiff must establish that he suffered from a "disability." 42 U.S.C. § 423(a)(1)(D). To be considered disabled, Plaintiff must have suffered from "a medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must be of "such severity that [Plaintiff] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

■ Plaintiff has the burden of showing that he is disabled. 42 U.S.C. § 423(d)(5); *Hoffman v. Heckler,* 785 F.2d 1423, 1424 (9th Cir.1986). Plaintiff meets this initial burden by showing that he cannot perform his previous occupation. *Sanchez v. Secretary of Health and Human Services,* 812 F.2d 509, 511 (9th Cir.1987). If a claimant shows he cannot perform his previous occupation, the burden shifts to the Commissioner to show that he can still perform substantial, gainful work. *Rodriguez v. Bowen,* 876 F.2d 759, 761 (9th Cir.1989). In meeting this burden, the Commissioner must take into consideration the requirements of specified jobs as well as a claimant's age, education, and background. *Kornock v. Harris,* 648 F.2d 525, 526–27 (9th Cir.1980) (citing 42 U.S.C. § 423(d)(2)(A); *Johnson v. Harris,* 625 F.2d 311, 312 (9th Cir.1980)).

■ A district court should affirm an ALJ's decision if it is supported by substantial evidence and based on the application of correct legal standards. *Sandgathe v. Chater,* 108 F.3d 978, 980 (9th Cir.1997). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir.1995)). The Court's review is directed to the record as a whole and not merely to the evidence tending to support a finding. *Cox v. Califano,* 587 F.2d 988 (9th Cir. 1978).

### C. *Plaintiff's Residual Functional Capacity*

█ The ALJ found that Plaintiff had the residual functional capacity to perform light work.[1] In making this determination, the ALJ relied upon Plaintiff's testimony, records of treating and examining physicians, and the testimony of the DDS medical advisors. After evaluating this testimony and evidence ALJ listed certain limitations to Plaintiff's ability to perform light work. These limitations included "only occasional balancing and stooping, no kneeling, crouching, crawling, or climbing on ladders or ropes, the need to be near a restroom, and the need for a sit/stand option." The ALJ then relied on the vocational expert in identifying jobs that Plaintiff could perform given these limitations.

Plaintiff asserts that the ALJ did not consider all relevant evidence in the record in setting the limitations concerning Plaintiff's Koch pouch. Plaintiff asserts that to evacuate his Koch pouch, he requires eight to 10 restroom trips in a work day, each lasting up to fifteen minutes. Other evidence presented contained different estimates of the frequency and duration of required excavation. Plaintiff argues that instead of "need to be near a restroom," the ALJ should have included a limitation that included his need for frequent and prolonged trips to the restroom and that she should have presented the details of such limitation to the vocational expert.

The Court agrees. The ALJ's failed to clearly determine the precise nature of Plaintiff's limitations due to his Koch pouch. It is unclear from the record whether the failure to discuss in detail Plaintiff's Koch pouch-related limitations reflects a determination that such limita- tions do not exist based on the evidence, or was merely an omission. The failure to make that determination, and to discuss these details with the vocational expert constitutes error.

█ If a claimant shows he cannot perform his previous occupation, the burden shifts to the Commissioner to show that he can still perform substantial, gainful work. *Rodriguez v. Bowen,* 876 F.2d 759, 761 (9th Cir.1989). In meeting this burden, the Commissioner must take into consideration the requirements of specified jobs as well as a claimant's age, education, and background. *Kornock v. Harris,* 648 F.2d 525, 526–27 (9th Cir.1980) (citing 42 U.S.C. § 423(d)(2)(A); *Johnson v. Harris,* 625 F.2d 311, 312 (9th Cir.1980)).

The record does not reflect due consideration of the evidence presented concerning Plaintiff's Koch pouch. Evidence was presented regarding the number of times and length of time that Plaintiff would need to evacuate his pouch. However, the ALJ focused on the lack of evidence of treatment for diarrhea. The ALJ did not consider whether Plaintiff required numerous lengthy trips to the restroom in the absence of an episode of diarrhea. The ALJ did not present this to the vocational expert.

█ Hypothetical questions posed to a vocational expert must fairly reflect the impairments and capabilities of the claimant, taking into consideration all the claimant's impairments, limitations, and restrictions. *Russell v. Sullivan,* 930 F.2d 1443 (9th Cir.1991). While the ALJ's inquiry to the vocational expert contained some of Plaintiff's limitations, she did not discuss

---

1. The Social Security Regulations define "light work" as follows: "To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If some- one can do light work, we determine that he or she can also do sedentary work unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

Plaintiff's Koch pouch-related limitations with the expert.

There exists a considerable question in the Court's mind whether, given Plaintiff's particular limitations regarding the number of times he must evacuate his pouch, jobs are present in significant numbers in the national economy that Plaintiff could fulfill. The Court finds the record ambiguous on this point, and concludes that remand is appropriate. On remand, the ALJ shall make a determination as to the precise nature of Plaintiff's limitations regarding his Koch pouch. Such limitations shall include the required frequency and duration of Plaintiff's pouch evacuations under normal conditions. After considering all of the evidence and making such determination, the ALJ shall include the precise nature of Plaintiff's these Koch pouch-related limitations in the examination of the vocational expert. The ALJ shall then consider whether a person with Plaintiff's exact limitations should be considered "not disabled."

The ALJ's findings that Plaintiff retained the residual capacity to perform light work and that such work existed in significant numbers in the national economy are not supported by substantial evidence. Accordingly, Plaintiff's appeal on the grounds that the ALJ's decision is not supported by substantial evidence and that the ALJ improperly assessed the medical evidence is DENIED.

## IV. CONCLUSION

The ALJ's findings are not supported by substantial evidence. Accordingly, for the reasons set forth above, it is hereby ORDERED that:

(1) Plaintiff's Motion for Summary Judgment, or in the Alternative for Remand is GRANTED IN PART and DENIED IN PART;

(2) Defendant's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.